CONTINENTAL TRUST CO. OF CITY OF NEW YORK v. TOLEDO, ST. L. & K. C. R. CO. et al.

In re RHODE ISLAND LOCOMOTIVE WORKS.

(Circuit Court, N. D. Ohio, W. D. April 20, 1899.)

RAILROADS—FORECLOSURE OF MORTGAGE—PRIORITY OF CLAIMS FOR EQUIPMENT

A manufacturer who furnished locomotives to a railroad company in part on credit, taking notes for such deferred payment indorsed by a third person, must be held to have relied on the credit of the company and the indorser, and is not entitled to a lien on the company's property superior to that of a prior mortgage, though the locomotives were needed to enable the company to continue the operation of the road.

In the matter of the intervening petition of the Rhode Island Locomotive Works.

E. C. Henderson, for Continental Trust Co.

Potter & Emery, for Rhode Island Locomotive Works.

TAFT, Circuit Judge. The question is on the exceptions to the report of the master as to the priority over the mortgage bonds of the claim made by the Rhode Island Locomotive Works upon notes given by the railroad company for the last 20 per cent. of the purchase price of certain locomotives furnished to the railroad company, part of them eight months before the receivership, and part of them four months before the receivership. The railroad company was in great need of addition to its locomotive equipment. It applied to the Rhode Island Locomotive Works to furnish them. It had no money with which to pay for them. It was agreed that the Railroad Equipment Company, a third corporation, should take title to the locomotives; should pay to the Rhode Island Locomotive Works 80 per cent. of the purchase price; should enter into a contract of lease and conditional sale with the railroad company, by which, after the company should have paid the 80 per cent. of the purchase price, with interest, the title of the locomotives should be free and unincumbered in the railroad company. The locomotive works received pay for the additional 20 per cent. in notes of the railroad company indorsed by S. H. Kneeland, who was largely interested in the stock of the railroad company. It is contended by the Rhode Island Locomotive Works that it has an equity prior in right to that of the mortgagee, to be paid out of the earnings and corpus of the property, because it furnished this equipment at a time when it was needed to keep the company up as a going concern. The master, after a full hearing and a very satisfactory discussion of the authorities, has reached the conclusion that the locomotive works contracted this loan of 20 per cent. on the faith of the credit of the company and S. H. Kneeland, and that the claim does not come within the class of claims which the supreme court has held may be given priority to a vested mortgage lien. I fully concur in this conclusion, and think it well sustained by the authority of Penn v. Calhoun, 121 U. S. 251, 7 Sup. Ct. 906, and Thomas v. Car Co., 149 U. S. 95, 13 Sup. Ct. 824.

The exceptions to the master's report are overruled, and the report confirmed.