## BRISTOL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 12, 1904.)

1. PAUPERS—PROSECUTION OF SUITS—COMMON LAW.

St. 11 Hen. VII, c. 12, providing that every poor person having a cause of action against another shall have writs, according to the nature of his cause, without payment of fees, and assignment of counsel by the court, who shall act for him without reward, had reference only to a plaintiff prosecuting a civil action, and did not apply to criminal appeals.

2. SAME—FEDERAL STATUTES—CRIMINAL CASES—WRITS OF ERROR.

Act Cong. July 20, 1892, 27 Stat. 252, c. 209 [U. S. Comp. St. 1901, p. 706], providing that any citizen entitled to commence any action or suit in any court of the United States may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor, before or after bringing suit or action, does not entitle a defendant in a criminal case to prosecute a writ of error out of the United States Circuit Court of Appeals in forma pauperis, such writ constituting a continuation of the original litigation, and not a commencement of a new action.

In Error to the District Court of the United States for the Northern District of Illinois.

J. J. McClellan, for plaintiff in error.
S. H. Bethea, U. S. Dist. Atty.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge.   The plaintiff in error, having been convicted in the court below upon an indictment charging the use of the post-office department for a fraudulent purpose, and thereupon sentenced to a term of imprisonment, has sued out a writ of error from this court, and now moves the court, upon a conceded showing of poverty, for leave to prosecute such writ of error in forma pauperis. At the common law no plaintiff has the right to sue in forma pauperis. Any such right must rest upon statute.   By 11 Hen. VII, c. 12, every poor person having a cause of action against another could have writs according to the nature of his cause without payment of fees, and assignment of counsel by the court, who should act for him without reward.   This statute came to us as part of the common-law existing at the time of the Revolution.   It is followed as well by the federal as the state courts, unless the matter is otherwise regulated by the Congress of the United States or by the Legislature of the respective states.   It is clear that this statute had reference only to a plaintiff prosecuting a cause of action.   It comprehended only civil actions, there being at the time of its adoption, and for five centuries thereafter, no review in England of a criminal action.   If, then, this application can be sustained, it must be by force of some statute of the United States.   Section 691, Rev. St., provides for review, by appeal or writ of error, of civil actions.   This provision was adopted in 1789.   1 Stat. 84, c. 20, § 22.   No review of a criminal cause, except upon a certificate of division of opinion among the judges of the Circuit Court (2 Stat. 159, Rev. St. §§ 651, 697), was allowed until the act of February 6, 1889, 25 Stat. 656 [U. S. Comp. St. 1901, p. 569], and then only in cases of conviction of a capital crime.   United States v. Sanges, 144 U. S. 310, 321, 12 Sup. Ct. 609, 36 L. Ed. 445.   The first act allowing generally a review in criminal cases is that of March 3, 1891, 26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 549].   Prior to that time provision had been made in aid of poor persons indicted for an offense. The court was authorized to issue subpœnas for his witnesses, who were to be paid by the government (Act 24th Sept. 1789, 1 Stat. 91, Rev. St. U. S. § 878 [U. S. Comp. St. 1901, p. 668]), and the court, by virtue of its inherent power, could appoint counsel to defend the poor prisoner.   The act of July 20, 1892, 27 Stat. 252, c. 209 [U. S. Comp. St. 1901, p. 706], provides that any citizen "entitled to commence any action or suit in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs or give security therefor before or after bringing suit or action," and upon filing a statement under oath that because of his poverty he is unable so to do, and his belief that he is entitled to the redress sought, and setting forth briefly the nature of his alleged cause of action.   There exists a divergence of opinion in the federal courts whether this act embraces an appeal or writ of error in civil causes.   First Circuit:   Volk v. B. F. Sturdevant, 99

Fed. 532, 39 C. C. A. 646; Sixth Circuit, Reed v. Pennsylvania Company, 111 Fed. 714, 49 C. C. A. 572, upholding that contention, and The Presto, 93 Fed. 532, 35 C. C. A. 534, denying it. The first two cases hold that proceedings on appeal or writ of error are within the spirit of the statute, and are not excluded by the letter, the act authorizing a poor person to "commence and prosecute to conclusion his cause of action." The last case limits the act to the proceeding in the court of original jurisdiction. All of the cases to which we have been referred or which we have been able to find which construe the act are civil causes, where the plaintiff makes the application claiming to have a meritorious cause of action to enforce. We have searched in vain for any federal decision construing this act with reference to its application to criminal cases. It is clearly the design to permit a poor person who is "entitled to commence any action or suit" to "commence and prosecute to conclusion" upon a showing of poverty, and his belief that he is entitled to the redress sought, and setting forth the nature of his alleged cause of action. Can such an act be applied to a defendant in a criminal prosecution? This act does not give him a right to defend as a poor person in the court of original jurisdiction. He obtains that right from prior law. The statute, then, has no reference to criminal cases in the court of original jurisdiction, for the action is not commenced or prosecuted by the defendant, and does not involve a cause of action existing in him. If the statute be applicable, it can only be applied upon the suing out of a writ of error to review a conviction. Is such a writ of error the "commencement of an action or suit" within the meaning of the act, or is it not rather the continuation of the old suit in which he is defendant, and to obtain a new trial therein? The office of a writ of error, said Chief Justice Marshall, is simply to bring the record into court, and to submit the judgment of the inferior tribunal to re-examination. A writ of error has been called an original writ, because it issued out of a reviewing court and was directed to the trial court; but it acts upon the record rather than upon the parties, removing the record into the supervising tribunal. The Supreme Court declares it to be "rather a continuation of the original litigation than the commencement of a new action." Nations v. Johnson, 24 How. 195, 205, 16 L. Ed. 628; In re Chetwood, 165 U. S. 443, 461, 17 Sup. Ct. 385, 41 L. Ed. 782. We do not think that it can properly be said that a writ of error is a suit or action within the statute so far as respects a writ of error in a criminal case. Were it not for the words "prosecute to conclusion," we doubt if any court would hold that the act applied to an appeal or writ of error in a civil cause. The applicant by the statute must declare the nature of his cause of action. Surely an erroneous ruling by the trial court cannot be held to furnish a "cause of action," as that phrase is commonly understood. The statute by that term, in our judgment, refers to a legal demand by one against another, not to the rulings of a trial court. Under a somewhat similar statute of the state of New York, its Supreme Court, speaking through Judge Cowen, held that the provisions of the statute do not extend to writs of error. Moore v. Cooley, 2 Hill, 412. The law is generous, giving to a poor defendant in a criminal cause full right of defense, producing in court his witnesses, giv-

ing him the services of experienced counsel, and that without expense to him. It provides for him a full and fair trial before an impartial court and jury. If the Congress designed to give him the opportunity of a review of that trial at the further expense of the government, it should have expressed such design in unambiguous terms.

The motion is denied.