UNITED STATES v. MATHESON.

(Fourth Division. Fairbanks. February 14, 1910.)

No. 331, Criminal.

CRIMINAL LAW (§ 1077*)—APPEAL AND ERROR—IN FORMA PAUPERIS.
    Where the defendant was indicted and tried for murder in the first degree, found guilty, and sentenced to the penitentiary for the term of his natural life, the jury qualifying their verdict by adding "without capital punishment," the prisoner is entitled to a writ of error to the Supreme Court of the United States in forma pauperis, under section 6 of Act Cong. Feb. 6, 1889, c. 113, 25 Stat. 656 (U. S. Comp. St. 1901, p. 569), citing United States v. Fitzpatrick, 178 U. S. 304, 20 Sup. Ct. 944, 44 L. Ed. 1078.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2718, 2719; Dec. Dig. § 1077.*]

John F. Dillon, of Fairbanks, for petitioner.
James J. Crossley, U. S. Dist. Atty., of Fairbanks.

LYONS, District Judge (orally). Some weeks ago George Matheson was convicted in this court of the crime of murder

in the first degree and sentenced to life imprisonment; the jury having qualified their verdict to that extent. Afterwards a motion was made by the defendant to be permitted to prosecute a writ of error to the Supreme Court of the United States in forma pauperis. The application was denied at the time; the court following the case of Bradford v. Southern Railway Co., 195 U. S. 243, 25 Sup. Ct. 55, 49 L. Ed. 178, and the case of Bristol v. United States, 129 Fed. 87, 63 C. C. A. 529, a case from the Seventh Circuit.

Since that time counsel for the defendant has called the court's attention to the case of United States v. Fitzpatrick, 178 U. S. 304, 20 Sup. Ct. 944, 44 L. Ed. 1078, a case that was tried in this district before any division was made, there being only one division for the entire district, and a writ of error was prosecuted from the judgment and sentence in that case, which was the same as the judgment in this case, to the Supreme Court of the United States, and the trial judge permitted the defendant to prosecute the writ in forma pauperis. The matter was not commented upon by the Supreme Court, the only question raised there being that of jurisdiction; the contention by the Attorney General being that the case should have gone directly to the Circuit Court of Appeals for the Ninth Circuit under the law of 1897, which allowed only capital criminal cases to go direct to the Supreme Court of the United States. But the Supreme Court held in that case that the offense was nevertheless capital, even though the penalty was not death, the verdict being for murder in the first degree, and the jury qualifying the verdict to murder in the first degree "without capital punishment" did not affect the question of the crime being a capital one, and for that reason the Supreme Court of the United States had jurisdiction. Another case went up the following year from one of the Dakotas, in which the Supreme Court reaffirmed the rule of the Fitzpatrick Case. There was no comment made in the Fitzpatrick Case as to whether or not it should have been or could be prosecuted in forma pauperis. When I ruled on the matter before, I followed as closely as I could the statute of

February 6, 1889, under which the petitioner applied to pros-
ecute the writ in forma pauperis. The statute is as follows:

"That hereafter in all cases of conviction of crime, the punishment
of which provided by law is death, tried before any court of the
United States, the final judgment of such court against the respond-
ent shall, upon the application of the respondent, be re-examined,
reversed, or affirmed by the Supreme Court of the United States,
upon a writ of error, under such rules and regulations as said court
may prescribe. Every such writ of error shall be allowed as of right
and without the requirement of any security for the prosecution of
the same or for costs." 25 Stat. 655.

In construing that statute before, I read the statute to only
give the petitioner that right when the punishment was death
from the crime charged, not what the punishment might have
been under the law, but that the punishment inflicted should
actually be death; and I am not entirely convinced but what
that is the proper construction of the statute yet. But it seems
this court has heretofore allowed the prosecution of a writ
in forma pauperis to the Supreme Court in the case of Fitz-
patrick v. United States, supra; and while it made no com-
ment on that feature of the matter, and the Attorney Gen-
eral raised no question in reference thereto, I feel at this time
disposed to reverse the order heretofore made by myself, and
allow the prosecution of the writ in this case in forma pau-
peris. It may not enable counsel to get a ruling on the matter
if I should grant the writ; yet I think, if the matter were
called to the attention of the Attorney General and the Su-
preme Court also, that there might be some suggestion made as
to the propriety of the practice and as to whether or not this
court has placed the proper construction on the statute. And
for that reason I think, particularly since this court has here-
tofore allowed such a writ to be prosecuted, and the appellate
court did not criticise the ruling, and the Attorney General
took no exception to it, it seems to me the court should fol-
low the precedent.

For that reason the order heretofore made denying the pe-
tition will be set aside, and the plaintiff in error allowed to
prosecute his writ in forma pauperis.