### UNITED STATES v. FAIR et al.

(District Court, N. D. California, First Division. September 13, 1916.)

#### No. 5807.

Costs ⬅➡246½—Suits in Forma Pauperis—Construction of Statute.

Act July 20, 1892, c. 209, § 1, 27 Stat. 252, as amended by Act June 25, 1910, c. 435, 36 Stat. 866 (Comp. St. 1913, § 1626), authorizing citizens to maintain or defend suits or writs of error or appeals in civil or criminal cases without prepayment of fees or costs on the filing of an affidavit of poverty and requiring officers of the court to perform duties in such cases, does not give a District Court power to order its reporter, who is not an officer of the court, to furnish a transcript for error proceedings to the defendant in a criminal case without compensation, or at the expense of the government.

[Ed. Note.—For other cases, see Costs, Dec. Dig. ⬅➡246½.]

Criminal prosecution by the United States against John Fair and others. On motion by defendants for order requiring reporter to make transcript. Denied.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

J. G. Reisner and L. H. Honey, both of San Francisco, Cal., for defendants.

DOOLING, District Judge. The defendant, having been convicted of using the mails in furtherance of a scheme to defraud, now moves the court for an order "directing the reporter in this court to transcribe the testimony heretofore taken upon the trial of the above-entitled cause, at the expense of the government." The motion is based, upon the affidavits of defendant and his counsel, on the ground that defendant is in indigent circumstances, and because of his poverty cannot pay for such transcript or give security for the same, and such transcript is absolutely necessary to perfect the record upon a writ of error which he intends and desires to sue out.

The application is made under section 1 of the act of July 20, 1892, as amended June 25, 1910 (Stats. 1910, c. 435, 36 Stat. L. 866), which is as follows:

"That any citizen of the United States entitled to commence or defend any suit or action, civil or criminal, in any court of the United States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or a writ of error, or an appeal to the Circuit Court of Appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith, without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon suing out a writ of error or appealing, upon filing in said court a statement under oath in writing that because of his poverty he is unable to pay the costs of said suit or action or of such writ of error or appeal, or to give security for the same, and that he believes that he is entitled to the redress he seeks by such suit or action or writ of error or appeal, and setting forth briefly the nature of his alleged cause of action, or appeal."

Section 3 (Comp. St. 1913, § 1628) of the same act provides:

"That the officers of court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases."

Section 5 (Comp. St. 1913, § 1630) is as follows:

"That judgment may be rendered for costs at the conclusion of the suit as in other cases: Provided, that the United States shall not be liable for any of the costs thus incurred."

This statute as originally enacted applied only to plaintiffs in a civil action, and the provisions last quoted were not changed when the act was amended in 1910 to include defendants in suits or actions both civil and criminal. But one thing is quite apparent, and that is that Congress did not intend that the United States should be liable for any of the costs incurred under the provisions of the act. So that in any event the court is without power to order, as requested, "the transcription of the testimony at the expense of the government." I am convinced, too, that the court is equally without power to order such transcription at the expense of the reporter. The act evidently applies only to such fees as those of the clerk or marshal, or some other officer

of the court. The reporter is not such an officer. Indeed, the reporter of this court is such by contract with the Department of Justice. This contract does not require him to perform, without compensation, the services now sought to be imposed; nor does it provide that he should be paid therefor by the government.

It is very desirable that a defendant have every opportunity, in making his defense or perfecting his appeal, to safeguard all of his rights; but such safeguarding may not be had at the expense of the reporter.

I have considered this application on its merits, although the affidavits do not show that defendant is a citizen of the United States, or that a writ of error has already been sued out; and it is apparent that when such writ is sued out the application to prosecute it without the payment of fees or costs must be made, if at all, to the Circuit Court of Appeals.

The motion to order the reporter to transcribe the testimony must be denied, and it is so ordered.