UNITED STATES ex rel. ESTABROOK v. OTIS, District Judge.

Circuit Court of Appeals, Eighth Circuit. April 12, 1927.

No. 310.

1. Mandamus ⬥61—Mandamus will not lie to compel judge to change ruling denying in part petition for leave to prosecute writ of error as poor person and for bail.

Questions presented by convicted defendant's petition for leave to commence and prosecute writ of error as a poor person without paying fees or costs, and that he be furnished transcript of testimony without cost and admitted to bail, are within plenary jurisdiction of court, whose decision denying petition in part is not reviewable by mandamus to compel different ruling.

2. Appeal and error ⬥389(1)—Under statute, court has not power to authorize payment of cost of transcript of testimony for poor persons (Comp. St. § 1626).

Under Act July 20, 1892, § 1, as amended by Act June 25, 1910, and Act June 27, 1922 (Comp. St. § 1626) court has not power to authorize payment of cost of transcript of testimony for poor persons.

3. Bail ⬥44—Refusal of bail pending appeal of one convicted of mailing poison to judge with intent to kill, on ground of probable repetition of offense, held not error (Penal Code, § 217 [Comp. St. § 10387]).

Refusal of bail pending appeal by one convicted of causing poison to be delivered by the mails to a judge with intent to injure and kill him, in violation of Penal Code, § 217 (Comp. St. § 10387), on ground that there was serious danger that he would commit another offense of like character, held not error.

Petition for mandamus by the United States, on the relation of Alvah W. Estabrook, against Merrill E. Otis, as Judge of the United States District Court for the Western District of Missouri. Petition dismissed.

Bruce S. Elliott, of St. Louis, Mo., for petitioner.

Roscoe C. Patterson, U. S. Atty., and William L. Vandeventer, Asst. U. S. Atty., both of Kansas City, Mo., for respondent.

Before SANBORN, STONE, and KENYON, Circuit Judges.

SANBORN, Circuit Judge. The petitioner in this case, who is serving a term of 15 years in the penitentiary at Leavenworth, Kan., pursuant to his conviction of the offense of causing poison to be delivered

18 F.(2d)—44

by the mails of the United States to Judge E. E. Porterfield with intent to injure and kill him, in violation of section 217 of the Penal Code of the United States (Comp. St. § 10387), presented to this court his petition for its writ of mandamus to require the respondent, who tried his case, to furnish him with a transcript of the testimony taken by the stenographer at his trial, to grant him a supersedeas, and to admit him to bail. His case is here on his petition for the writ, an order to show cause why the relief he seeks should not be granted, and the response of Judge Otis thereto.

[1] The facts which condition the proper answer to the prayer of the petitioner for the mandamus are these: The petitioner made an affidavit sufficient to entitle him to the statutory right to prosecute a writ of error as a poor person to reverse the judgment against him. He presented that affidavit, his assignment of errors, his petition for a writ of error and for a transcript of the testimony taken by the stenographer at his trial (which he alleged was indispensable to the successful prosecution of his writ of error) and for a supersedeas and bail. The court deliberately considered his petition and affidavits, and ordered (1) that he be permitted to commence and prosecute his writ of error to this court as a poor person without being required to pay fees or costs, or for the printing of the record in the appellate court or to give security therefor; and (2) that the expense of printing the record on said writ of error be paid by the United States, said payment to be made when authorized by the Attorney General; but it denied him bail, because the court believed that, if he was permitted freedom on bail, there was serious danger that he would commit another offense of like character to that of which he was convicted. These facts, however, present no reason for the issue of the writ of mandamus by this court.

"The writ of mandamus issues to compel the performance of a plain duty imposed by law. * * * It may issue to command judicial officers to hear and to decide a question within their jurisdiction, but courts have no power by writ of mandamus to direct such officers how they shall decide such a question, or in whose favor they shall render their judgment, because such action would result in the substitution of the judgment and opinion of the commanding court for that of the judicial officers to whose judgment and discretion the law intrusted the decision of the issue. For the same reason

it cannot be invoked to compel a court or a judicial officer to reverse a decision already rendered, to correct an erroneous conclusion, or to render another decision, even though there may be no other method provided by the law for the review or correction of the error." Kimberlin v. Commission to Five Civilized Tribes (C. C. A.) 104 F. 653, 655, and cases there cited; Barber Asphalt Pav. Co. v. Morris (C. C. A.) 132 F. 945, 946, 67 L. R. A. 761; Wood on Mandamus (2d Ed.) 3, 4. The questions presented to the respondent by the affidavits and petitions of Estabrook were judicial questions, of which the respondent had plenary jurisdiction to consider and decide according to his own judgment and judicial discretion. The question whether he was in error in his decision of them may not be lawfully reviewed here upon this application for a writ of mandamus.

[2] Nor was there any error in the ruling of the court below that the petitioner was not entitled to an order of the court that he should be furnished by the stenographer who took the testimony, who was not an official stenographer of the court, a transcript of that testimony at the expense of the United States. The Congress by section 1626 of the Compiled Statutes (Act July 20, 1892, c. 209, § 1, as amended Act June 25, 1910, c. 435, and Act June 27, 1922, c. 246), "Suits, etc., by Poor Persons," granted and limited the power of the courts to give these privileges to a poor person, and that limitation is found in these words: "Provided, that in any criminal case the court may, upon the filing in said court of the affidavit hereinbefore mentioned, direct that the expense of printing the record on appeal or writ of error be paid by the United States, and the same shall be paid when authorized by the Attorney General." 27 Stat. 236; 36 Stat. 866; 42 Stat. 666. As the Congress did not grant to the court the power to authorize payment for transcripts of testimony for poor persons, the court has no such authority. United States v. Fair (D. C.) 235 F. 1015.

[3] There was no error in the refusal of the court below to grant a supersedeas or bail. Bail should not be granted where the offense of which the defendant has been convicted is an atrocious one, and there is danger that if he is given his freedom he will commit another of like character. Rossi et al. v. United States (C. C. A.) 11 F.(2d) 264, 265.

Let the petition for mandamus be dismissed.