## CHEEK v. THOMPSON.
### No. 2928.

District Court, W. D. Louisiana, Monroe Division.

June 15, 1940.

498

J. B. Dawkins and Robert Layton, both of Monroe, La., for plaintiff.

Hudson, Potts, Bernstein & Snellings, of Monroe, La., for defendant.

PORTERIE, District Judge.

This case was filed under a pauper's oath, signed only by the plaintiff. On April 28, 1939, at the moment of opening the trial on the merits, the court reporter addressed counsel for plaintiff and asked if it were the desire of plaintiff to have the case stenographically reported. Counsel for plaintiff answered in the negative. Then counsel for defendant directed the court reporter to take the case, saying that he would pay for the taking of the note of evidence, as the defendant desired, in the contingency that the case were decided against it, to be enabled to take appeal.

The case was decided by the court, dismissing the cause of plaintiff. See Cheek v. Thompson, D.C., 28 F.Supp. 391.

On July 8, 1939, plaintiff applied for a rehearing and a new trial. On October 2, 1939, at the time this motion came for consideration, the difficulty for satisfactory discussion of the facts arose because of the want of a transcript of the evidence. The argument immediately veered from the motion for a rehearing and a new trial to the question of whether or not the court reporter should be paid by the plaintiff (the one seeking the motion for a new trial), not only for the cost of taking the evidence stenographically but also for the second cost of transcribing the notes into a typed record.

It was accepted immediately by counsel for the plaintiff that the cost of transcription of the notes into the typed record should be borne by the plaintiff. As to whether or not plaintiff had to pay the court reporter the cost of taking the evidence stenographically, there was much argument and discussion, and, finally, it was ordered by the court that written briefs be filed by October 11, 1939. Counsel for plaintiff never did submit any brief on the question; counsel for defendant submitted a memorandum brief on November 21, 1939. The court ruled through a letter addressed to both counsel, excerpts from which are quoted below:

"As indicated by the Court at the time of argument, a court reporter is not an officer of the Court within the contemplation and meaning of the Pauper Act. United States v. Fair, D.C., 235 F. 1015; United States ex rel. Estabrook v. Otis, 8 Cir., 18 F.2d 689."

"Under Rule No. 80 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, it is contemplated that stenographic costs must be paid for by the party ordering and utilizing the same."

On April 12, upon the urging of counsel for plaintiff, the court signed a rule to show cause, renewing the same subject. Argument was had on the rule on April 30, 1940. At that time, since the argument strongly indicated that counsel for plaintiff was employed on a contingent basis, there arose in the court's mind the question as to whether or not plaintiff's original affidavit supporting his right to proceed under Title 28 U.S.C.A. § 832 was sufficient. The attorney of the plaintiff neither in the petition nor in the supporting affidavits says anything about his manner of employment. Should not the attorney, also, declare his poverty and inability to pay costs and fees? To this question by the court made to plaintiff's counsel, counsel refused to answer.

Therefore, we shall pass only upon the question of whether or not the plaintiff is to pay the court reporter, under

the circumstances of this case, for the taking of the stenographic note of evidence. The exact amount at issue is $105.75.

This position is taken because the court raised, during argument, quite innocently, the question of the manner of employment of plaintiff's counsel. Defendant has not formally moved for a traverse of the plaintiff's oath; therefore, the issue is not drawn. The plaintiff and his counsel have not been given a chance to be heard formally. The court withholds its ruling, therefore, on the issue, its timeliness and its merits, both, should it arise later.

■ The Act of July 20, 1892, c. 209, § 1, 27 Stat. 252, as amended by Act June 25, 1910, c. 435, 36 Stat. 866, and Act June 27, 1922, c. 246, 42 Stat. 666, 28 U.S.C.A. § 832, is not inclusive of a court reporter's charges through the language "without being required to prepay fees or costs." All expenses are not absolved by a pauper's order; only those expenses technically called "fees or costs"—the ordinary fees and charges of officers of the court—are absolved. United States v. Fair, D.C., 235 F. 1015; United States ex rel. Estabrook v. Otis, 8 Cir., 18 F.2d 689. It has been held that a writ of mandamus will not issue to a district court ordering the latter to compel the court reporter, under Section 832, to furnish gratuitously to the pauper a transcript of evidence, because a court reporter is not an officer of the court. United States ex rel. Estabrook v. Otis, supra.

In the year 1922, the Congress added the following to the original Section 832: "In any criminal case the court may, upon the filing in said court of the affidavit hereinbefore mentioned, direct that the expense of printing the record on appeal or writ of error be paid by the United States, and the same shall be paid when authorized by the Attorney General."

Counsel for plaintiff argues that this amendment nullifies the Fair case (1916) we have quoted in support of our ruling. The inference we make is just to the contrary. Before the statute was amended in 1922, the amendment of 1910 added the phrase "civil or criminal" to follow immediately the phrase of the original act (1892) "to commence any suit or action."

It is clear and obvious that in a criminal case, where life and liberty are involved, help to the poor litigant should be forthcoming more readily than in a civil case, where only money and property are involved. Cf. Bristol v. United States, 7 Cir., 129 F. 87, 63 C.C.A. 529. The Fair case was decided when the gratuity by Congress had been extended to both civil and criminal cases; the Fair case itself was a criminal one and still it ruled unfavorably to the pauper-defendant. When the Estabrook case, a criminal case also, was decided in 1927, the words "civil and criminal" were already in the section by the amendment of 1910; in 1922 there also had been added to the section the sentence quoted above; and still in that case the ruling was against the pauper-defendant. The instant case is a civil case; a fortiori, therefore, should our ruling be that the pauper-plaintiff pay the stenographer's charge.

The counsel for plaintiff readily admitted that the section does not include the charges of the court reporter for taking and transcribing the evidence. He admitted the decisions so hold, and that the universal rule by judges of the district courts of the United States is to that effect. 20 C.J.S. Verbo Costs, § 249. He drew a difference between this admission and the present case by stating that once the defendant paid for the taking of the evidence, the stenographic notes in the hands of the court reporter became the property of the court; and upon a motion for a new trial, as in the instant case, the plaintiff took the case as it stood, profited from the expenditure of the defendant as to the taking of the notes, and had only to pay for their transcription.

The court, without using the jurisprudence previously cited and coming to its conclusion just from the logic of this present argument, is of the view that the situation is now just the same as it was at the time of the opening of the trial of the case. At the opening of the case, if the plaintiff had desired the evidence taken down, the law is that he had to pay the court reporter. At this juncture in the case, the plaintiff desires the use of the notes and he should pay for their cost. It is fortuitous for the plaintiff that the defendant has had the notes preserved; but his good fortune should not go so far as to give him the notes at the expense of the defendant.

■ The court reporter is not an officer created by law; he has no salary; all that he receives is so much per page for taking the note of evidence, and then so

much per page for transcribing the note of evidence.

Under Rule No. 80 of the Rules of Civil Procedure it is contemplated that stenographic costs must be paid for by the party utilizing the notes. In reading through Rule 80, it is noted wide discretion is given the trial judge. Under this discretion vested by law, we must conclude it is justifiable in the instant case for the plaintiff to pay the court reporter for taking of the notes. We consider this paragraph of real importance, since, in truth, Section 832 has nothing to do with the charge of the court stenographer.

Accordingly, the motion for a new trial will pend, if the plaintiff desires to have a transcript of the evidence, until the court reporter is paid by plaintiff for both the note of evidence and its transcription. If plaintiff desires to press his motion for a new trial without the transcript of the evidence, the court is ready and willing to hear him at any time.