Haas, Holland, Freeman, Levison & Gibert, Atlanta, Ga., Stanley P. Hebert, Gen. Counsel, Russell Specter, Deputy Gen. Counsel, Lutz Alexander Prager, Atty., Washington, D. C., Joseph Ray Terry, Jr., Regional Atty., EEOC, Atlanta, Ga., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## Mrs. Billie B. McCLURE

v.

## The SALVATION ARMY.

### Civ. A. No. 13955.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 13, 1971.

### ORDER

O'KELLEY, District Judge.

On July 15, 1970, the plaintiff, Mrs. Billie B. McClure, an officer of the Salvation Army, filed a Complaint against the Salvation Army, pursuant to Title VII of the 1964 Civil Rights Act. This Complaint was allowed to be filed "in forma pauperis." Subsequent proceedings have been held in the case including an extensive hearing of evidence on November 23, 1970 and November 24, 1970.

Evidence was taken on the jurisdictional questions of defendant's motion to dismiss and the parties were ordered to submit additional arguments and authorities in support or opposition to the motion.

A 260-page transcript has been filed with the Clerk of the Court on December 16, 1970. On December 30, 1970, the attorney for the plaintiff presented to the Court an application for an order directing the court reporter to furnish plaintiff with a copy of the transcript of evidence.

At the hearing, the plaintiff testified that she was no longer an officer or em-

ployee of the Salvation Army and that she was now engaged as a school teacher in the public schools of Newton County, Georgia. The Court at that time indicated that the question of further proceedings *in forma pauperis* would be reviewed by the Court.

The plaintiff in supporting her application for a copy of the transcript, filed an affidavit setting forth that she has a net take-home pay as a school teacher of $380 and also has additional employment in an Atlanta department store which nets her approximately $47.00 every two weeks. The affidavit is silent as to the gross pay from either employment, but indicates there are taxes and *other deductions* withheld from the gross. The affidavit further sets forth extensive debts for medical expenses, taxes, furniture, and other debts commonly owed by the head of a household. The affidavit also states that the plaintiff has no real property nor assets other than her household furnishings and personal effects.

The questions presented to the Court are: (1) Assuming that the action is continuing *in forma pauperis*, can the Court direct the court reporter to furnish a transcript without charge or direct the United States to pay for the transcript? (2) Is the plaintiff a pauper and does the Court have the authority to modify its previous order allowing plaintiff to proceed *in forma pauperis*.

■ On the first question, there appears to be an abundance of authority that a copy of a transcript in a civil action is not to be furnished at government expense. Estabrook v. King (8th Cir., 1941) 119 F.2d 607. Cheek v. Thompson, D.C., La., 1940, 33 F.Supp. 497. Ebenhart v. Power, D.C., N.Y., 1969, 309 F.Supp. 660.

Title 28 U.S.C. § 1915 allows the commencement of an action without prepayment of costs and fees or the necessity of giving security therefor. The courts in dealing with this question in a civil action, other than habeas corpus which

is provided for by Title 28 U.S.C. § 1825, have restricted costs and fees to "the ordinary fees and charges of officers of the court." Cheek v. Thompson, *supra*. While at the time of the *Cheek* case the court reporter was not an officer created by law and had no salary, the 8th Circuit in Estabrook v. King, *supra*, establishes the rule as being unchanged by § 723(c) which authorizes the designation of an official court stenographer. The Court there states "the charges of a court reporter are not in their inception 'fees or costs', within the meaning of" the statute and this Court cannot direct the United States to pay such a charge.

■ While the Court was justified in its original order allowing this action to be commenced *in forma pauperis* under § 1915, the plaintiff's circumstances have so changed as to require in all further proceedings that the plaintiff be treated as any other party. The Court's authority for this action is set forth in Spears v. Continental Bus System, Inc., Dallas, Texas, D.C., La., 1957, 148 F.Supp. 806.

For the foregoing reasons, plaintiff's application for an order directing the court reporter to furnish a copy of the transcript of proceedings of November 23 and 24 is hereby denied.