**Robert L. BREWSTER, Plaintiff-Appellant,**

**v.**

**NORTH AMERICAN VAN LINES, INC., Defendant-Appellee.**

**No. 71-1748.**

United States Court of Appeals, Seventh Circuit.

Argued April 11, 1972.

Decided May 15, 1972.

Rehearing Denied June 23, 1972.

Robert L. Brewster, pro se.

Frederick F. Thornburg, South Bend, Ind., for defendant-appellee.

Before DUFFY, Senior Circuit Judge, and KILEY and HAMLEY,* Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal from a final order dated July 9, 1971, which dismissed plaintiff's complaint for failure to comply with Local Rule 4(a), Rules of Civil Procedure, of the United States District Court for the Northern District of Indiana.

Rule 4(a) of those Rules requires that a non-resident plaintiff shall file with his complaint a bond for costs in the sum of Two Hundred Dollars ($200.00) unless the Court, on motion and for cause shown, dispenses with the bond or fixes a different amount for security for costs.

There is no federal statute specifically covering the point here at issue. However, federal courts are empowered to promulgate their own local rules as to security for costs under Rule 83 of the Federal Rules of Civil Procedure.[1]

On January 4, 1971, the District Court ordered the plaintiff's complaint for damages be filed but denied his motion for leave to proceed with the suit without posting security for costs in the sum of $200.00. The Court also granted an additional twenty days in which to file the minimum cost bond. When such a bond was not filed, the District Court dismissed the complaint because of noncompliance with Local Rule 4(a).

On appeal to this Court, plaintiff filed a motion for leave to docket his appeal instanter and in forma pauperis. The motion judge denied plaintiff's motion noting that he had been and was receiving an annual salary of $16,500. On reconsideration, this Court ordered that if a bond for costs were filed with this Court, we would entertain a motion to

---

* Circuit Judge Frederick G. Hamley of the Ninth Circuit is sitting by designation.

1. See also 28 U.S.C. § 2071.

docket the appeal instanter. Plaintiff then filed a bond for $250.00 and the appeal proceeded. Oral arguments were heard.

Previous to filing the instant suit in the District Court, plaintiff had instituted a state court suit against appellee in a state court in Brevard County, Florida, where said suit still is pending (Civil Cause No. 5739). The charges in that case are substantially the same as those alleged in the instant case.

Plaintiff argues that the rule requiring a non-resident to file a bond as required by Local Rule 4(a) violates 42 U.S.C. § 1981, the privilege and immunities section of the Civil Rights Act, and also violates Article IV, the "privilege and immunities" clause of the United States Constitution.

 It is well settled that United States District Courts are empowered to promulgate local rules including rules for costs under the aegis of Rule 83, Federal Rules of Civil Procedure. Russell v. Cunningham, 233 F.2d 806 (9 Cir., 1956); Cary v. Hardy, 1 F.R.D. 355 (E.D.Tenn.1940).

 We hold that Local Rule 4(a) of the Rules of the United States District Court for the Northern District of Indiana which requires a non-resident plaintiff to file a bond for costs is not in violation of the "privilege and immunities" clause of Article IV of the Federal Constitution, nor does it violate Section 1981, Title 42 of the United States Code.

Plaintiff also argues the District Court abused its discretion in denying his petition to proceed in forma pauperis and erred in dismissing his complaint for failure to file security for costs. We hold to the contrary.

 As aforementioned, clear from plaintiff's motion to proceed in forma pauperis on appeal is the fact that his salary was approximately $16,500 per year. Plaintiff argued at oral argument before our Court that his salary should not be determinative of pauper status since he could lose his employment at any time. We feel this argument is superfluous. The District Court was well within its discretion in denying plaintiff the privilege of proceeding in forma pauperis under 28 U.S.C. § 1915. This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.

Furthermore, there is nothing in this record to show any prejudice on the part of the District Judge. It might well be noted that Rule 4(a) requires a bond to be filed with the complaint. However, in this case, the Judge ordered the complaint filed and granted plaintiff an extra twenty days from the date of filing to post the required security bond.

We hold there is no basis in this record to support plaintiff's claim that the District Judge abused his discretion.

The order of the District Court dismissing plaintiff's complaint for failure to comply with Local Rule 4(a) is

Affirmed without prejudice.