**UNITED STATES of America ex rel. Lincoln IRONS K 1379, Petitioner,**

v.

**COMMONWEALTH OF PENNSYLVANIA, Respondent.**

**Civ. No. 76–123.**

United States District Court, M. D. Pennsylvania.

Feb. 9, 1976.

MEMORANDUM AND ORDER

HERMAN, District Judge.

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In an affidavit, petitioner states that he has $170.40 in his prison account.

Our only concern at this nascent stage of the proceedings is to determine whether petitioner is financially unable to pay the $5.00 fee otherwise necessary to commence a habeas proceeding. *See,* 28 U.S.C. § 1915(a); *Watson v. Ault,* 525 F.2d 886 (5th Cir., filed January 12, 1976). Indigency sufficient to qualify under § 1915(a) does not require penniless destitution. *Adkins v. E. I. DuPont de Nemours,* 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). However, we feel that requiring petitioner to pay the $5.00 fee to *commence* this action is not unreasonable. We emphasize the

word commence because it is solely the commencement of this action which is before us.

In the recent case of *Souder v. McGuire,* 516 F.2d 820 (3d Cir. 1975), the court was faced with a habeas corpus petitioner who had been denied leave to proceed in forma pauperis by the district court because his prison account contained $50.07 and he was receiving a stipend of $7.50 per week. The district court was of the opinion that requiring him to pay the $5.00 filing fee would not deny him access to the courts.

In reversing the lower court, the Third Circuit Court of Appeals noted the complexity of the legal issues raised in Souder's petition, and then observed that such issues could not be litigated on the existence of a fund of $50.07 supplemented by a weekly $7.50 stipend.

■ The decision of the court in *Souder* could be read to suggest that, in passing on in forma pauperis requests, the court should look to the complexities of the legal issues presented in a petition or complaint. However, the language of § 1915(a) speaks in terms of authorizing "the commencement, prosecution or defense of any suit . . . without the prepayment of fees and costs . . . ." In cases such as the one *sub judice,* we look solely to whether a petitioner possesses assets reasonably in excess of the cost to commence the action. If he does, then in forma pauperis standing is denied without prejudice to a subsequent request should he be faced with further costs or fees. This approach is consistent with § 1915(a) and not contrary to *Souder v. McGuire, supra.*

An appropriate order denying leave to proceed in forma pauperis will be entered.