**Bertha K. FAILOR**

v.

**Joseph CALIFANO, Secretary of Health, Education and Welfare.**

**No. 77–1134 Civil.**

United States District Court, M. D. Pennsylvania.

Jan. 10, 1978.

---

Edwin Frownfelter, Chambersburg, Pa., for plaintiff.

Paul J. Killion, Asst. U.S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff in this action seeks to appeal from a final decision of the Secretary of Health, Education and Welfare with the costs of the action advanced by the United States. *See* 28 U.S.C. § 1915; *United States v. Sacco*, 430 F.2d 1304 (2d Cir. 1970). In her affidavit plaintiff lists assets primarily consisting of $20,000 home, and income of $409 per month. With regard to the home, counsel for plaintiff has represented to the court that plaintiff's equity in the home is substantially equal to its value. Her affidavit further indicates that the income is the sole means of support for herself, and her husband and son, and that she has debts of $230.

In determining whether plaintiff should be granted permission to proceed in forma pauperis, the above-described assets and income must be compared with the anticipated costs in this action. At this time it is known that plaintiff will incur the expense of paying the filing fee here ($15) and the cost of service of process ($3).

On the basis of the affidavit before the court and in light of the expenses anticipated at this time, permission to proceed in forma pauperis will be denied. Although plaintiff has a low monthly income, it appears that plaintiff has an asset, in the form of a home, that is too substantial in light of the minimal costs which plaintiff will incur. In *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649 (7th Cir. 1972), the district court's refusal to grant permission to proceed in forma pauperis to a plaintiff with an income of $16,500 and with expected costs of $200 was held not to be an abuse of discretion. While the income of *Brewster* was four times as great as plaintiff's income, there was no mention of substantial assets in *Brewster* and the expected costs were about 10 times that anticipated here. In the case of *In re Stump*, 449 F.2d 1297 (1st Cir. 1971), a prisoner sought permission with assets of only $218 and expected costs of $15; it was held that the refusal of permission was not an abuse of discretion. *See also United States ex rel. Irons v. Pennsylvania*, 407 F.Supp. 746 (M.D.Pa. 1976) (Herman, J.), *citing Souder v. McGuire*, 516 F.2d 820 (3d Cir. 1975). Finally, in *McClure v. Salvation Army*, 51 F.R.D. 215 (N.D.Ga.1971), the court denied permission to proceed in forma pauperis to a litigant with net "take home pay" of $474 monthly although a substantial expenditure was about to be made for a 260-page transcript.[1] The net pay in *McClure* is roughly comparable to the gross pay averred here, and there is no indication in *McClure* that three people are dependent upon the income involved, as is the case here. However, the expenditure in *McClure* for a 260-page transcript is substantially greater than the costs anticipated for plaintiff, and plaintiff possesses an asset (the equity in plaintiff's home) of substantial value.

Under the circumstances as they appear at this time, it would not be unreasonable to require plaintiff to pay the filing fee and costs for service of process. Permission to proceed in forma pauperis will be denied without prejudice to plaintiff to renew her request and to advise the court of additional or changed circumstances. *See Stump*, 449 F.2d at 1298. Plaintiff will be given a period of time to pay the required filing fee.

---

1. In a separate and independent holding, the district court in *McClure* held that expenditures for a transcript are not "fees and costs" within the meaning of 28 U.S.C. § 1915(a).