Darius THOMAS

v.

**Joseph CALIFANO, Secretary of Health, Education and Welfare.**

**No. 78–14 Civil.**

United States District Court, M. D. Pennsylvania.

Feb. 23, 1978.

Lucille Marsh, Scranton, Pa., for plaintiff.

S. John Cottone, U. S. Atty., Scranton, Pa., for defendant.

**MEMORANDUM AND ORDER**

NEALON, Chief Judge.

Plaintiff in this action seeking "Black Lung" benefits, *see* 42 U.S.C. § 405(g), has petitioned the court to proceed in forma pauperis. The petition is supported by an affidavit stating that plaintiff's most recent employment was in 1970, that he owns a home valued at $20,000 and a car valued at $200, that his only income is $100 per month in Pennsylvania Occupational Disease Benefits of which $28 is used to purchase $97 in food stamps, and his spouse is dependent upon him for her support. The anticipated costs in this action are the $15 filing fee and $3 for costs of service. Presently before the court is the question of whether petitioner should be granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915.

In *Failor v. Califano*, 79 F.R.D. 12 (M.D.Pa.1978), permission to proceed in forma pauperis was denied where the plaintiff had an asset in the form of a $20,000 home, was the sole means of support for her spouse and son, had debts of $230, and had a monthly income of $409. Anticipated costs were identical to those here. The court in *Failor* compared the assets, income, and anticipated costs with those involved in other cases, *see Souder v. McGuire*, 516 F.2d 820 (3d Cir. 1975); *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649 (7th Cir. 1972); *In re Stump*, 449 F.2d 1297 (1st Cir. 1971); *United States ex rel. Irons v. Pennsylvania*, 407 F.Supp. 746 (M.D.Pa. 1976); *McClure v. Salvation Army*, 51 F.R.D. 215 (N.D.Ga.1971), and held that it was not unreasonable to require the plaintiff to pay the filing fee and the costs of service of process. For example, *McClure* involved $474 in monthly "take home pay", and the expenditure of a substantial amount of money to obtain a 260-page transcript, while *Failor* involved a roughly comparable monthly income, a substantial asset in the form of home, and a significantly smaller anticipated expenditure for fees and costs.

Comparing the petition here with the circumstances in *Failor* and the cases cited *supra*, permission to proceed in forma pauperis, will be granted. Plaintiff here supports two persons with an income (without adjusting for inflation) that is about one-fifth of that in *Failor*. Although, as in *Failor*, plaintiff owns a home valued at $20,000 and, unlike *Failor*, a car with nominal value, neither of these assets is readily convertible into cash. The court's decision in *Failor* did not anticipate that the in forma pauperis applicant would borrow a small amount of money using the home as collateral; rather, from the circumstances set forth in the affidavit, it appeared that the income in *Failor* would permit a payment of $18 for the costs of the action.[1] Here, a monthly income of $100 would hardly allow for even an $18 expenditure for the costs of the action.[2] Consequently, permission to proceed in forma pauperis will be granted.

---

1. The filing fee in *Failor* has been paid.

2. Neither would it allow for the payment of interest on a small loan taken out by using the house as collateral.