HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Ida DANNER, Defendant.

HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Ruth JONES, Defendant.

HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Katie DINKINS, Defendant.

HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Kathleen HILL, Defendant.

HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Wilma HARRELL, Defendant.

HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Mary MATTHEWS, Defendant.

HOUSING AUTHORITY OF the COUNTY OF DAUPHIN, Plaintiff,

v.

Julia MITCHELL, Defendant.

Civ. A. Nos. 78–221 to 78–227.

United States District Court,
M. D. Pennsylvania.

March 29, 1978.

Robert D. Hanson, Harrisburg, Pa., for plaintiffs.

Geoffrey M. Biringer, Harrisburg, Pa., Wm. L. Betts, III, Lancaster, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

The Housing Authority of Dauphin County has filed seven suits in the Court of Common Pleas of Dauphin County against tenants of the Cole Crest project in Steelton, Pennsylvania, seeking certain excess utility consumption and maintenance charges under residential dwelling leases.[1] On March 8, 1978, the seven Defendants in county court, Ida Danner, Ruth Jones, Katie Dinkins, Kathleen Hill, Wilma Harrell, Mary Matthews and Julia Mitchell, filed petitions for removal of the cases to United States District Court.[2] Such a petition

---

1. The Dauphin County cases referred to are as follows:

*Housing Authority of the County of Dauphin v. Julia Mitchell,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 235–S–1978; *Housing Authority of the County of Dauphin v. Katie Dinkins,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 236–S–1978; *Housing Authority of the County of Dauphin v. Ida Danner,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 237–S–1978; *Housing Authority of the County of Dauphin v. Ruth Jones,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 238–S–1978; *Housing Authority of the County of Dauphin v. Kathleen Hill,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 239–S–1978; *Housing Authority of the County of Dauphin v. Wilma Harrell,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 240–S–1978; *Housing Authority of the County of Dauphin v. Mary Matthews,* Court of Common Pleas of Dauphin County, Pennsylvania, Civil Action No. 241–S–1978.

2. The actions involved are as follows:

*Housing Authority of the County of Dauphin v. Ida Danner,* Civ. No. 78–221 (M.D.Pa.1978); *Housing Authority of the County of Dauphin v. Ruth Jones,* Civ. No. 78–222 (M.D.Pa.1978); *Housing Authority of the County of Dauphin v. Katie Dinkins,* Civ. No. 78–223 (M.D.Pa.1978); *Housing Authority of the County of Dauphin v.*

stays further action in the Court of Common Pleas of Dauphin County once the person seeking removal gives written notice to all adverse parties and files a copy of the petition with the clerk of the state court.

Accompanying the seven petitions for removal are several motions. The Petitioners in United States District Court for the Middle District of Pennsylvania Civil Numbers 78–222, 78–223, 78–224, 78–225, 78–226, and 78–227 have all moved to consolidate their petitions for removal with that in *Housing Authority of the County of Dauphin v. Ida Danner,* Civil No. 78–221 (M.D.Pa.1978). We will order consolidation for purposes of determining whether the actions have been properly removed.

■ All Petitioners have moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and for waiver of the removal bond required by 28 U.S.C. § 1446(d). *See, Thomas v. Califano,* Memorandum and Order, Feb. 23, 1978, Civ. No. 78–14, (M.D.Pa. 1978, per Nealon, C. J.); *Souder v. McGuire,* 516 F.2d 820 (3d Cir. 1975); *Brewster v. North American Van Lines, Inc.,* 461 F.2d 649 (7th Cir. 1972); *In re Stump,* 449 F.2d 1297 (1st Cir. 1971); *United States ex rel. Irons v. Pennsylvania,* 407 F.Supp. 746 (M.D.Pa.1976); *McClure v. Salvation Army,* 51 F.R.D. 215 (W.D.Ga.1971). All persons in these cases make less than $350 each month and five of them are on public assistance. All are living in a rent subsidized county housing project. All have submitted sufficient affidavits of poverty, and permission to proceed in forma pauperis without prepayment of fees and costs or security therefor will be granted at this time. 28 U.S.C. § 1915(a). In connection with the permission to proceed in forma pauperis all Petitioners' motions for waiver of the removal bond will be granted. *Pasquarella v. Santos,* 416 F.2d 436 (1st Cir. 1969); Annotation, 20 A.L.R. Fed. 274 "What Constitutes 'Fees' or 'Costs' Within Meaning of Federal Statutory Provision (Under 28

U.S.C. § 1915(a) and Similar Predecessor Statutes) Permitting Party to Proceed In Forma Pauperis Without Prepayment of Fees and Costs or Security Therefor".

■ The Petitioners in these removal actions have all requested an extension of time to answer or otherwise plead to the original actions which are the subject of the petitions for removal. These extensions will be granted. We should add the caveat that we believe this Court's jurisdiction of the actions is to be decided by the pleadings viewed as of the time when the petitions for removal were filed, and that for removal jurisdiction to obtain the actions must be such that they could have been brought in federal court originally. 28 U.S.C. § 1441(a); *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir. 1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94. Although we hesitate to order remand without briefs, we question whether an action by a county housing authority against its tenants for excess utility consumption and maintenance charges could have been brought in the United States District Court originally. Defenses based upon federal law will not provide adequate jurisdictional grounds for removal. *PAAC v. Rizzo,* 502 F.2d 306 (3d Cir. 1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804. Although an action against the United States Department of Housing and Urban Development commenced in state court is removable pursuant to 28 U.S.C. § 1442, we question whether joining that agency now could avoid a remand if the original actions do not fall within our jurisdiction.

As we stated previously, we hesitate to remand without the benefit of briefs and therefore Petitioners will be ordered to submit briefs in support of the petitions for removal within ten (10) days from the date of the order accompanying this memoran-

---

*Kathleen Hill,* Civ. No. 78–224 (M.D.Pa.1978); *Housing Authority of the County of Dauphin v. Wilma Harrell,* Civ. No. 78–225 (M.D.Pa.1978); *Housing Authority of the County of Dauphin v.*

*Mary Matthews,* Civ. No. 78–226 (M.D.Pa. 1978); *Housing Authority of the County of Dauphin v. Julia Mitchell,* Civ. No. 78–227 (M.D.Pa.1978).

dum. Respondent shall have ten (10) days from the Petitioners' filing to file a brief in opposition. One of the issues we would like discussed is whether a state court complaint against a tenant in a county housing project seeking to collect excess utility charges pursuant to an HUD-approved form residential dwelling lease which sanctions the imposition and collection of charges for utility consumption over and above HUD-approved utility allowances sufficiently states a federal question such that the instant actions could have been brought originally in United States District Court. We also note that the Petitioners have the burden of establishing that removal is proper. 14 *Wright, Miller & Cooper, Federal Practice and Procedure:* Jurisdiction § 3721.