**ADAMS DAIRY COMPANY et al.,**
**Plaintiffs,**

**v.**

**NATIONAL DAIRY PRODUCTS CORPORATION et al., Defendants.**

Nos. 11994–1, 12028–1, 12588–1, 12770–1, 12771–1, 12909–1, 12910–1, 14916–1, 15032–1, 15037–1, 15285–1, 15386–1, 16513–1, 16933–1, 16939–1, 16960–1.

United States District Court
W. D. Missouri, W. D.

Dec. 13, 1968.

See also D.C., 293 F.Supp. 1135, 293 F.Supp. 1164.

Harry P. Thomson, Jr., Robert R. Raymond and George Leonard, William A.

Collet, Kansas City, Mo., for Adams Dairy Co. and others.

John R. Cleary, Kansas City, Mo., for Juanita Duggins and others.

William H. Sanders and William W. LaRue, Kansas City, Mo., for Frank Bott, and others.

James Wheeler, Keytesville, Mo., and Duke Ponick, Jr., Kansas City, Mo., for Leroy Arnsperger and Helen Arnsperger.

John C. Dods, Kansas City, Mo., for Freddy Powell Meyer.

Martin J. Purcell, James C. Mordy, John E. Besser, Kansas City, Mo., Richard W. McLaren, David L. Aufderstrasse, Chicago, Ill., for National Dairy Products Corp.

Joseph J. Kelly, Jr., Howard F. Sachs, Kansas City, Mo., Joseph A. Greaves, Chicago, Ill., E. Clark Davis, New York City, for Borden, Inc.

Roy P. Swanson, John C. Thurlo, John J. Kitchin, Kansas City, Mo., William G. Wald, Omaha, Neb., Richard Whiting, Washington, D. C., for Fairmont Foods Co. and Country Club Dairy Co.

Robert D. Sandifer, Kansas City, Mo., John P. Stevens, Chicago, Ill., for Meyer Sanitary Milk Co.

Thomas E. Deacy, Jr., and John H. Ross, III, Kansas City, Mo., for Beatrice Foods Co.

Charles F. Lamkin, Jr., Kansas City, Mo., appearing specially on behalf of Foremost-McKesson, Inc., successor to Foremost Dairies, Inc. and Foremost Food Chemical Co.

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR SECURITY FOR COSTS

JOHN W. OLIVER, District Judge.

Defendants National Dairy Products Corporation and Borden, Inc. have moved pursuant to Local Rule 4(b) for an order requiring plaintiffs to give security for defendants' costs, including their costs to be incurred in responding to plaintiffs' nationwide discovery requests.

Defendants' motion contends that "if it is found that the plaintiffs' claims of nationwide conspiracy are without merit and made without probable cause, defendants should be entitled to recover their disbursements, including attorneys fees and expenses, and compensation for the time and out-of-pocket expenses of defendants' employees, in responding to the nationwide discovery requests as costs." Defendants make clear in their suggestions that their motion is directed toward security for their anticipated "attorneys fees and related expenses incurred in connection with the nationwide discovery" rather than the conventional court costs covered by Chapter 123 of Title 28, United States Code.

Local Rule 4(b), of course, relates to costs authorized by law which, under Rule 54(d) of the Rules of Civil Procedure, are allowed as of course at the close of the case to the prevailing party unless the court otherwise directs.

It is important to keep in mind the "costs" for which defendants seek security. Defendants, in effect, seek a similar sort of protection as that provided by some state statutes in regard to the unsuccessful prosecution of a stockholder derivative action. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), dealt with such a statute. The New Jersey statute there involved provided that a plaintiff could be required to give security for the reasonable expenses, including counsel fees, which might be incurred in the defense of such an action. Mr. Justice Jackson pointed out in *Cohen* that such a statute "is not merely a regulation of procedure" because "it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims." "Such liability," Mr. Justice

Jackson added, "is not usual and it goes beyond payment of what we know as 'costs.'" Id. at 555, 69 S.Ct. at 1230.

The pending motion seeks security for "costs" of a similar nature; the "costs" to which defendants' motion is directed are not the usual costs provided by law but actually encompass attorneys fees and expenses which they believe might unnecessarily be expended by them during the course of this litigation.

In *Cohen*, the Court therefore determined that a state statute which provided for the sort of security prayed for in defendants' motion involved related to a substantive, as distinguished from a procedural, matter. Accordingly it was held that the state substantive law should be applied under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079.

■ The question presented in *Cohen* is analogous to that presented by defendants' Local Rule 4(b) motion in that the power of this Court to promulgate local rules under Rule 83 is confined to matters of procedure and may not be construed in a manner which could be said to create a substantive right not otherwise authorized by law.

■ Local Rule 4(b) was not intended, nor may it properly be construed to authorize, the allowance of attorneys fees and expenses to a successful defendant in an antitrust case. In Byram Concretanks, Inc. v. Warren Concrete Products Co. of N. J. (3rd Cir. 1967) 374 F.2d 649, the district court awarded defendants "attorneys fees and certain other costs in addition to those ordinarily taxable" after their successful defense of an antitrust case. That award was made pursuant to the district court's express finding that "the suit was baseless and not properly grounded under the Anti-Trust statutes."

Defendants could not expect a stronger finding at the close of the pending cases, assuming such cases are successfully defended.

The district court purported to exercise the sort of "inherent equitable power" which defendants contend this Court should exercise in this case. The Court of Appeals for the Third Circuit reversed the district court stating:

We hold that in the absence of specific legislative authorization attorneys' fees may not be awarded to defendants in private anti-trust litigation. Our conclusion is based on policy considerations reflected in the Clayton Act. It is well known that a primary objective of the private treble damage suit is to provide a means for enforcement of the anti-trust laws in addition to Government prosecutions. The incentive which the prospect of treble damages provides for instituting private anti-trust actions would be dampened by the threat of assessment of defendant's attorneys' fees and other costs as a penalty for failure. [374 F.2d at 651]

See also Gillam v. A. Shyman, Inc., (D.C.Alaska 1962), 205 F.Supp. 534, and compare Lawrence v. Fuld, (D.C.Md. 1962) 32 F.R.D. 329. We believe *Byram Concretanks, Inc.* correctly states the applicable law and we construe our Local Rule 4(b) in light of the principles there stated.

In accordance with the established practice of this Court we have circulated a copy of this memorandum opinion among all the active judges of this Court. Chief Judge Becker and Judges Collinson and Hunter have authorized me to state that they agree that our Local Rule 4(b) was not intended and that it should not be construed to authorize the relief prayed for in defendants' motions.

For the reasons stated, it is

Ordered that defendants' motion for security for costs should be and is hereby denied.