CROSS, Judge.
Appellant, Industrial Electronics Associates, Inc., brings this interlocutory appeal seeking review of an order requiring ap-pellees-plaintiffs, Earl L. Poteat, et al., to post a “security-for-expenses” bond pursuant to Section 608.131(4), Florida Statutes *136 1969, F.S.A., in a stockholders derivative suit. We affirm.
Plaintiffs, minority stockholders in the appellant corporation, instituted a stockholders derivative suit against certain directors of the corporation, alleging misconduct and breach of the directors’ fiduciary duty to the corporation. The corporation filed a motion that plaintiffs be required to give security for the corporation’s expenses in connection with the suit, and for any moment in which the corporation might be required to indemnify the defendant directors, under F.S. § 608.131(4), F.S.A. Two affidavits were filed with the motion, to the effect that the expenses in connection with the suit, including attorneys’ fees, would be over $12,000.
The trial court, in the order being appealed, granted the motion for security and ordered plaintiffs to post a bond in the amount of $2500. This appeal followed, appellant contending that the amount of the security was inadequate.
Subsection 608.131(4), Florida Statutes 1969, F.S.A., provides that in a derivative action if the plaintiff stockholder holds less than five per cent of the outstanding shares or his holdings are worth $50,000 or less, plaintiff may be required to give security for reasonable expenses, including attorney’s fees, which may be incurred either by the corporation or by other parties defendant whom the corporation may be required to indemnify The last sentence of F.S. § 608.131(4), F.S.A., provides that the amount of such security may thereafter be increased or decreased in the discretion of the court upon a showing that the security provided has or may become inadequate or excessive.
A reading of the statute makes it clear that the legislature intended to give the trial court broad discretion in setting the amount of the security in order to effectuate the remedial purposes of the act.[1] It is therefore incumbent upon appellant to demonstrate an abuse of this discretion. Although no Florida cases precisely on point have been found, courts in other jurisdictions have accorded the trial court broad, though not uncontrolled, discretion in setting the amount of security under similar statutes. See, e. g., Goldstein v. Weisman, S.D.N.Y.1960, 185 F. Supp. 242; Chrysler Corp. v. Dann, Del.1966, 223 A.2d 384; Beyerbach v. Juno Oil Co., 1954, 42 Cal.2d 11, 265 P.2d 1, 9-10. It is only reasonable expenses, in an amount to be determined by the court upon notice and hearing, which plaintiff may be required to secure. Beyerbach v. Juno Oil Co., supra. The court is not limited to consideration of affidavits of the type submitted by appellant in determining “reasonable” expenses. In Marks v. Seedman, S.D.N.Y.1969, 309 F.Supp. 332, 334, the court listed several factors which it had taken into account in fixing the amount of the security. The trial judge may also utilize his own knowledge of legal practice as a factor in determining attorneys’ fees under the statute. Muller v. Tanner, 1970, 2 Cal.App.3d 445, 452, 82 Cal.Rptr. 738, 742.
In view of appellant’s right under the statute to move for an increase in the security whenever it can show that the amount provided in the order being appealed is in fact inadequate, it cannot be said that the trial court abused its discretion in setting the amount of security at $2500.
Accordingly, the order is affirmed.
REED, C. J., and OWEN, J., concur.

. F.S. Section 608.131(4), F.S.A., provides in pertinent part that the corporation is entitled to “security for the reasonable expenses including attorneys’ fees which may be incurred. * * * ” It is further provided that “The amount of such security may thereafter be increased or decreased in the discretion of such court upon showing that the security provided has or may become inadequate or excessive.”