**Richard J. SARGENT et al., Plaintiffs,**

v.

**GENESCO, INC., et al., Defendants.**

**Civ. T. No. 71-197.**

United States District Court,
M. D. Florida,
Tampa Division.

Jan. 28, 1972.

31.  Letter of William J. Ronan in application to Price Commission, December 27, 1971, Exhibit A to Glassman affidavit.

Larry Helm Spalding, Sarasota, Fla., Hardy, Peal, Rawlings & Werner, New York City, H. Gordon Brown, Clearwater, Fla., Richard A. Bokor, Tampa, Fla., for plaintiffs.

Fox, Burton, George & Loeffler, P. A., Clearwater, Fla., for Clayton B. Burton.

Charles F. Clark, of Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for Goodbody & Co., Walston & Co., Inc., Ladd Dinkins & Co., First Alabama Securities, Inc., Kohlmeyer & Co., McCarley & Co., Inc., Powell, Kistler & Co., and Roberts, Scott & Co., Inc.

Donovan, Leisure, Newton & Irvine, New York City, for Genesco, Inc., Genesco Financial Corp., Ernest B. Holt & Richard E. Horch.

Shackleford, Farrior, Stallings & Evans, P. A., Tampa, Fla., for Frank Garcia.

Leonard W. Cooperman, St. Petersburg, Fla., for Leeds Shoes, Inc.

Yado, Keel & Nelson, Tampa, Fla., for Julian Lemus and Jack Chapman.

Albritton, Sessums & Grandoff, Tampa, Fla., for A. G. Edwards & Son, Inc.

Pope & Burton, Tampa, Fla., for Earl G. Brown and William M. Burton.

William T. Keen, Tampa, Fla., for C. Edward Brittain.

Albert I. Gordon, Tampa, Fla., for Stuart S. Golding and Roy Cotarelo.

Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, Fla., for Wm. H. Martin.

Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, Fla., for Richard Lieb.

Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P. A., Tampa, Fla., for Genesco, Inc., Genesco Financial Corp., Ernest B. Holt and Richard E. Horch.

Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, Fla., and William Gruman, Tampa, Fla., for Ralph A. Buchman, Individually.

## ORDER

KRENTZMAN, District Judge.

This came before the Court upon a motion to require plaintiffs to furnish security filed by the defendant, Leeds Shoes, Inc. The motion is made pursuant to Florida Statutes §§ 608.13(14), 608.13(15), F.S.A., and the so-called security-for-expense statute, Fla.Stat. § 608.131,[1] F.S.A. Leeds Shoes, Inc. is a

---

1. Fla.Stat. § 608.13, F.S.A.

"Every corporation shall, unless otherwise provided by its certificate of incorporation or by law have power to:

\*       \*       \*       \*       \*

(14) Indemnify any person made a party, or threatened to be made a party, to any threatened, pending or completed action, suit, or proceeding:

(a) Whether civil, criminal, administrative, or investigative, other than one by or in the right of the corporation to procure a judgment in its favor, brought to impose a liability or penalty on such person for an act alleged to have been committed by such person in his capacity of director, officer, employee, or agent of the corporation, or of any other corporation, partnership, joint venture, trust, or other enterprise which he served as such at the request of the corporation, against judgments, fines, amounts paid in settlement, and reasonable expenses, including attorneys' fees, actually and necessarily incurred as a result of such action, suit, or proceeding, or any appeal therein, if such person acted in good faith and in the reasonable belief that such action was in the best interests of the corporation, and in criminal actions or proceedings, without reasonable ground for belief that such action was unlawful. The termination of any such action, suit, or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not in itself create a presumption that any such director or officer did not act in good faith in the reasonable belief that such action was in the best interests of the corporation or that he had reasonable grounds for belief that such action was unlawful

(b) By or in the right of the corporation to procure a judgment in its favor by reason of his being or having been a director, officer, employee, or agent of the

corporation, or of any other corporation, partnership, joint venture, trust, or other enterprise which he served as such at the request of the corporation, against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense or settlement of such action, or in connection with an appeal therein, if such person acted in good faith and in the reasonable belief that such action was in the best interests of the corporation. Such person shall not be entitled to indemnification in relation to matters as to which such person has been adjudged to have been guilty of negligence or misconduct in the performance of his duty to the corporation unless, and only to the extent that, the court, administrative agency, or investigative body before which such action, suit, or proceeding is held shall determine upon application that, despite the adjudication of liability but in view of all circumstances of the case, such person is fairly and reasonably entitled to indemnification for such expenses which such tribunal shall deem proper.

(c) To the extent that a director, officer, employee, or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in paragraph (a) or (b), or in any defense of any claim, issue, or matter therein, he shall be indemnified against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection therewith.

(d) If a determination is made that indemnification of the director, officer, employee, or agent is proper in the circumstances, because such person has met the applicable standard of conduct set forth in paragraph (a) or (b), unless indemnification is ordered by the tribunal before which such action, suit, or proceeding is held. Such determination shall be made either by the board of directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit, or proceeding, or by the shareholders who were not parties to such action, suit, or proceeding.

"(15) Pay expenses incurred in defending any action, suit, or proceeding in advance of the final disposition of such action, suit, or proceeding as authorized in the manner provided in paragraph (d) of subsection (14) upon receipt of an undertaking by or on behalf of the director, officer, employee, or agent to repay such amount unless it shall ultimately be determined that he is entitled to be indemnified by the corporation as authorized in this section."

Fla.Stat. § 608.131, F.S.A.

"In any action commenced or maintained by a stockholder of any domestic or foreign corporation to procure a judgment in its favor:

(1) It must be made to appear that the plaintiff is a stockholder of such corporation at the time of bringing the action and that he was a stockholder of such corporation at the time of the transaction of which he complains, or that his interests devolved upon him by operation of law.

(2) The complaint must set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board of directors of such corporation or the reasons for not having made such effort.

(3) No such action shall be discontinued, compromised or settled without the approval of the court having jurisdiction of the action. Such court in its discretion if it shall determine that the interests of the stockholders of such corporation may be substantially affected thereby, may direct that notice, by publication or otherwise, of such proposed discontinuance, compromise or settlement be given to such stockholders. Stockholders objecting to such settlement must, within a time allowed by the court, show cause why the settlement should not be accepted and approved by the court as fair and reasonable. If notice is so directed to be given the court may determine which one or more of the parties to the action shall bear the expense of giving same in such amount as the court shall determine and find to be reasonable in the circumstances and the amount of such expense shall be awarded as special costs of the action and recoverable in the same manner as the statutory taxable costs.

(4) If the plaintiff or plaintiffs hold less than five percent of the outstanding shares or voting trust certificates of such corporation, then unless the stock or voting trust certificates held by such plaintiff or plaintiffs shall then have a fair value in excess of fifty thousand dollars, such corporation shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses including attorneys' fees which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which such corporation may become liable under § 608.13(14) of this chapter, to which security such corporation shall have recourse in such amount as the court having jurisdiction of such action shall determine upon the termination of such action. The

corporation organized and existing under the laws of the State of Florida.[2] The provisions of the statutes apply to Leeds Shoes, Inc.

In support of the motion Leeds has submitted an affidavit of its secretary in which Article VII of the By-Laws of Leeds is set out. This By-Law provides for indemnification by the corporation of directors and officers for expenses incurred in connection with litigation resulting from activities of the board member or officer in his corporate capacity. The By-Law is drawn in substantially the same terms as the statutes cited above. In order for the defendant corporation to be entitled to have plaintiffs furnish security two statutory conditions precedent must be met. First, the plaintiffs must hold less than five percent of the outstanding shares or voting trust certificates of the corporation, or alternatively must hold stock or voting trust certificates which have a value of less than fifty thousand dollars.[3] Second, plaintiffs' action must be in the nature of a derivative suit, i. e., an action by a stockholder of a corporation against the corporation to procure a judgment in favor of the corporation.[4]

From the allegations of the complaint it is evident that plaintiffs hold somewhat less than five percent of shares or voting trust certificates in Leeds Shoes, Inc. There are nine named plaintiffs in this action. In paragraph 5 of the complaint it is alleged that these plaintiffs presently hold only about 2520 shares of Leeds Shoes, Inc. In paragraph 13(a) of the complaint it is alleged that on December 12, 1967, there were 1356 record holders of Leeds, who held 749,778 common shares. It is nowhere alleged that less than that number of common shares are now outstanding, and in fact it would appear from the allegations of the complaint that somewhat more than that number are outstanding. It is similarly evident from the allegations of the complaint that plaintiffs' holdings have a value considerably less than fifty thousand dollars. In paragraph 69 of the complaint it is alleged that the present value of Leeds common shares is less than one dollar.

Count IV of the plaintiffs' second amended complaint is a claim for damages under the law of the State of Florida. Plaintiffs seek to state alternative claims as stockholders in Leeds. Under the law of Florida a claim such as that which plaintiffs have attempted to set out in Count IV would be considered a derivative action at least for the purposes of the applying the security-for-expense statute. In Citizens National Bank v. Peters, 175 So.2d 54 (Fla.App. 1965), the Court held that where the gravamen of an action brought by shareholders of a corporation against the corporation is an attack against the directors' handling of corporate affairs, the action is classically one in the right of the corporation, and as such would be considered a derivative action for the purposes of the security-for-expense statute.

Plaintiffs suggest that state security-for-expense laws are not applicable to cases such as the one before the

---

amount of such security may thereafter from time to time be increased or decreased in the discretion of such court upon showing that the security provided has or may become inadequate or excessive.

(5) If the action on behalf of the corporation is successful, in whole or in part, or if anything is received by the plaintiff or plaintiffs as the result of a judgment, compromise or settlement, the court may award the plaintiff or plaintiffs the reasonable expenses of maintaining the action, including resonable attorneys' fees and direct him or them to account to the corporation for the remainder of the proceeds so received by him or them. This subsection shall not apply to any judgment rendered for the benefit of injured shareholders only and limited to a recovery of the loss or damage sustained by them."

2. See affidavit of Jack Chapman filed August 17, 1970, in the Southern District of New York.

3. Fla.Stat. § 608.131(4), F.S.A.

4. *Id.*

Court. Clearly where the substantive claim before the Court is federal rather than state created, state security-for-expense laws are not to be applied. J. I. Case Co. v. Borak, 377 U.S. 426, 434–435, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), affirming 317 F.2d 838 (7 Cir. 1963); McClure v. Borne Chemical Co., 292 F.2d 824 (3 Cir. 1961), cert. den. 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961). It has also been held that state security-for-expense laws are substantive rather than procedural, and that at least in cases where jurisdiction is grounded upon diversity of citizenship, and the right sued upon is state created, Federal Courts are Erie [5] bound to apply them. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

The Court's jurisdiction over Count IV of the second amended complaint herein is based upon pendent jurisdiction rather than diversity of citizenship.

■ However, in determining whether state or federal law is to be applied to a claim, it is the nature of the issue before the Court, not the basis of the Court's jurisdiction which controls.[6] The Erie doctrine has been applied in numerous instances where jurisdiction was based on other than diversity of citizenship.[7] Count IV of plaintiffs' second amended complaint is seeking recovery based upon the law of the State of Florida. Indeed plaintiffs have labeled the count "State Law Claim", and the allegations of Count IV are each directed to the laws of the State of Florida. The source of the right sued upon in Count IV is the law of the State of Florida. Under these circumstances, it is the law of the State of Florida which controls, whatever the source of this Court's jurisdiction.

As noted above, the Florida courts would construe Count IV as a derivative cause of action for the purposes of Fla. Stat. § 608.131, F.S.A. The conditions precedent to establish defendant Leeds Shoes, Inc.'s entitlement to have plaintiffs furnish security pursuant to § 608.131 have been met with respect to Count IV, and the defendant Leeds is so entitled.

Defendant Leeds Shoes, Inc. contends, but does not vigorously argue that the security-for-expense statute should be applied to Count III as well as to Count IV. A review of Count III of plaintiffs' second amended complaint has satisfied the Court that the substantive grounds sued upon therein have their origin in Federal securities laws, and not the laws of the State of Florida. The motion of Leeds Shoes will be DENIED insofar as it applies to Count III.

■ The next question for the Court is the amount of security which should be required. The trial court is vested with considerable discretion under the statute in setting the amount of security in order to effectuate the remedial purposes of the act.[8] The history of this case already reflects that the litigation will be lengthy and complex. The action was originally filed in the Southern District of New York on May 4, 1970. The action was transferred to this Court in April, 1971. The Court has heard two days of testimony relative to plaintiffs' prayer for entry of a preliminary injunction[9] and the parties have been directed to submit briefs relative to that issue. Sophisticated motions directed at the sufficiency of the complaint to state a claim for relief are also pending, and shall be scheduled for oral argument. Numerous former and present directors and officers of Leeds Shoes, Inc. have

---

5. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

6. Moore's Federal Practice, Vol. 1A, Par. 0.305 [3].

7. Maternally Yours v. Your Maternity Shop, 234 F.2d 538, 540 note 1 (2 Cir. 1956).

8. Fla.Stat. § 608.131(4), F.S.A.; Industrial Electronics Associates, Inc. v. Poteat, 251 So.2d 135 (4 Fla.App.1971).

9. See Count III of plaintiffs' second amended complaint.

been joined as defendants in this action, and the liability of Leeds under Article VII of its By-Laws, and Fla.Stats. §§ 608.13(14), 608.13(15), F.S.A., could be rather high. Balanced against these factors is the fact that Leeds is entitled to have plaintiffs furnish security relative to only one count of a four count action. Clearly any precise apportionment is difficult, but it is evident that Count IV of plaintiffs' second amended complaint is not the most complicated or the most significant portion of this case. The Court has determined that plaintiffs will be required to furnish security in the amount of $5,000.00. The Court notes that Fla.Stat. § 608.131, F.S.A., provides that the amount of security may be increased or decreased during the pendency of the litigation upon a proper showing.