John HAWES, etc. et al.,
Plaintiffs-Appellants,

v.

CLUB ECUESTRE EL COMANDANTE
et al., Defendants-Appellees.

Nancy KREITZER, Plaintiff-Appellant,

v.

PUERTO RICAN CARS, INC., et al.,
Defendants-Appellees.

Daniel VENTURA et al.,
Plaintiffs-Appellants,

v.

EL CONQUISTADOR HOTEL,
Defendants-Appellees.

Nos. 75–1380 to 75–1382.

United States Court of Appeals,
First Circuit.

Argued Feb. 2, 1976.

Decided May 5, 1976.

Arturo Aponte Pares, Hato Rey, for William Naveira, appellee.

Jay A. Garcia Gregory, San Juan, P. R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P. R., was on brief, for Jose G. Gonzalez, Hanny Stubbe Lopez, Gerard Noel Delaplace, Jaime Gonzalez Oliver, Patrick H. Gray, Robert T. Wilson, and Hilda Soltero Harrington, appellees.

Francisco Ponsa Feliu, Francisco Ponsa Flores, and Jose V. Martinez Espada, Hato Rey, P. R., on brief for Municipality San Juan, P. R., and others, appellees.

Before COFFIN, Chief Judge, MATTHES,* Senior Circuit Judge, and McENTEE, Circuit Judge.

MATTHES, Senior Circuit Judge.

█ The sole question presented by these appeals is whether Local Rule 5 of the United States District Court for the District of Puerto Rico, which requires nondomiciliary plaintiffs to post security for costs, expenses, and attorneys' fees' is consistent with the Federal Rules of Civil Procedure and the Constitution of the United States. Rule 5, which became effective on June 1, 1974, provides as follows:

> When the plaintiff is domiciled outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses and attorneys' fees which may be awarded. All proceedings in the action shall be stayed until bond is given, which shall not be less than five hundred dollars ($500.00). The Court may require an additional bond upon a showing that the original bond is not sufficient security, and stay the proceedings in the action until such additional bond is given.

> After the lapse of ninety (90) days from the service of the order requiring bond or additional bond, without the bond having been given, the Court may dismiss the action.

> This rule shall be liberally interpreted in favor of the plaintiff so as not to preclude his right to sue through excessive bond requirement. Consistent with this, the Court, for good cause shown, may dispense with this requirement.

The district court, in an unpublished opinion filed in No. 75–1381, held that Rule 5, and its predecessor, Rule 6,[1] were constitutional and that security for costs was a permissible subject for regulation by the district court under Fed.R.Civ.P. 83.

The undisputed facts are as follows. Plaintiffs-appellants, all domiciled outside Puerto Rico, instituted three separate civil actions in the district court to recover damages for injuries sustained in unrelated incidents. Jurisdiction was based on diversity of citizenship and the amount in controversy.

Pursuant to defendants' requests for nonresident bonds to secure their costs, ex-

---

* Of the Eighth Circuit sitting by designation.

1. Until May 31, 1974, the applicable rule provided as follows:

> The Court may, on motion or of its own initiative, order any party plaintiff to file a bond or make a cash deposit as security for costs in such amount and so conditioned as the Court may designate. Provided, that no deposit for costs may be required of poor persons who, under Acts of Congress are permitted to commence civil actions without the prepayment of fees or costs. Provided, further, that in any action commenced by such poor persons there shall be deposited, with the Clerk from any amount recovered in said action such amount to cover fees and costs as may be allowed by the court.

penses, and attorneys' fees, the district court in June 1975 directed Nancy Kreitzer and Mr. and Mrs. Ventura, plaintiffs in Nos. 75–1381 and 75–1382, respectively, to post five hundred dollar bonds and John and Ellen Hawes, plaintiffs in No. 75–1380, to post a five thousand dollar bond. Each of the bond orders was without prejudice to any party to request that the bond be increased or reduced. Nevertheless, no arguments were made that there were circumstances making it appropriate to dispense with or reduce the bond requirements.

Plaintiffs declined to comply with the bond orders. Instead, they moved that the orders be certified for interlocutory appeals under 28 U.S.C. § 1292(b). The district court so certified its orders and this Court granted the necessary permission to appeal. The appeals were consolidated for briefing and oral argument.

Appellants contend that Local Rule 5 is, on its face, unconstitutional and inconsistent with the Federal Rules of Civil Procedure. Specifically, appellants urge that Rule 5 contravenes the policy of securing the inexpensive determination of every action as expressed in Fed.R.Civ.P. 1 and limits venue in violation of Fed.R.Civ.P. 82. Appellants also contend that by requiring cost bonds only from nondomiciliaries, Rule 5 creates an invidious discrimination in violation of constitutional principles of equal protection and penalizes the exercise of a plaintiff's right to travel interstate in violation of the Privileges and Immunities Clause, art. IV, § 2.

■ Rule 5 was enacted pursuant to Fed.R.Civ.P. 83, which provides that the district courts may promulgate procedural rules so long as they are not inconsistent with the Federal Rules of Civil Procedure[2] and do not create or affect substantive rights. *See Adams Dairy Co. v. National Dairy Products Corp.*, 293 F.Supp. 1168 (W.D.Mo.1968); *see generally* 7 Moore's Federal Practice ¶ 83.03. Security for costs is generally regarded as a procedural matter[3] and accordingly, a proper subject for regulation by local rule.[4] *See, e. g., Brewster v. North American Van Lines, Inc.*, 461 F.2d 649 (7th Cir. 1972); *Russell v. Cunningham*, 233 F.2d 806, 811 (9th Cir. 1956); *McClure v. Borne Chemical Co., Inc.*, 292 F.2d 824, 835 (3d Cir. 1961); *Zeth v. Pennsylvania R. R.*, 7 F.R.D. 612 (E.D.Pa.1947).

■ Appellants' argument that Rule 5 limits venue and contravenes the policy of securing the inexpensive determination of every action is negated by the Rule itself, which provides that it is to be liberally construed so as not to preclude a plaintiff's right to sue through excessive bond requirement and that the bond requirement may be waived altogether under appropriate circumstances. Rule 5 is also subject to the limitation of 28 U.S.C. § 1915(a), which prescribes that "[a]ny court . . . may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."

■ Even in the absence of a standing local rule, a federal district court has the inherent power to require security for costs when warranted by the circumstances of the case. *See McClure v. Borne Chemical Co., supra* at 835; 6 Moore's Federal Practice ¶ 54.73, at 1454–55. From this it follows that the court is vested with a large

**2.** With the exception of provisions permitting security for costs in certain specific types of cases, *see e. g.*, Fed.R.Civ.P. 65(c) (restraining orders and preliminary injunctions), the Rules are silent on the subject of security for cost.

**3.** *See generally* 6 Moore's Federal Practice ¶ 54.73, at 1457–59; 7 *id.* ¶ 83.03, at 83–87, and cases cited therein.

**4.** Rules governing security for costs specifically applicable to nonresident plaintiffs have been promulgated in twenty-two districts. *See* D.Ariz.R. 49(c); E.D.Ark.R. 4(b); W.D.Ark.R. 4(b); D.Hawaii R. 7(a); D.Idaho R. 7; E.D.Ill.R. 2(a); S.D.Ill.R. 2(a); N.D.Ind.R. 4(a); S.D. Ind.R. 4(a); D.Maine R. 12; D.Md.R. 31; D.Minn.R. 2; D.Mont.R. 17(b)(1); D.Neb.R. 15(f); D.N.M.R. 11(a); W.D.N.Y.R. 25; D.N. D.R. XXIV(c); W.D.Pa.R. 9(a); D.P.R.R. 5; E.D.Va.R. 16(D); E.D.Wash.R. 12(a); W.D. Wash.R. 5(a).

measure of discretion in applying such rules as it does promulgate. Cf. *United States v. Simmons*, 476 F.2d 33, 35 (9th Cir. 1973); *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 784 (9th Cir. 1970).

■ Thus, under appropriate circumstances, the district court in applying Rule 5 should consider, upon proper motion, reducing the five hundred dollar minimum bond requirement, or dispensing with it altogether so as to accommodate and implement the policies expressed in Fed.R.Civ.P. 1. In this connection, we suggest that there are pertinent factors for the district court to consider, including, but not limited to ownership by a nondomiciliary plaintiff of attachable property in the district, the likelihood of success on the merits,[5] the presence of a co-plaintiff who is domiciled in the district,[6] the probable length and complexity of the litigation,[7] the conduct of the litigants, and the purposes of the litigation.[8]

■ It is axiomatic that a local rule may not be applied so as to an effect subvert the overall purpose of the rules to provide for a just and speedy disposition on the merits. Appellants, however, have made no attempt to show that they are financially unable to post the amounts required by the district court. Thus we are unable to say that the security requirements were not designed to further the effective administration of these actions, or that they unduly prejudiced plaintiffs in the pursuit of their claims. Cf. *Leighton v. Paramount Pictures Corp., supra* note 8, at 861.

■ We turn then to the merits of appellants' constitutional claims. Appellants submit that Rule 5, by requiring security only from nondomiciliary plaintiffs works an invidious discrimination in violation of their equal protection rights.[9] First, we must determine what standard of review is appropriate. To support their argument that the classification created by Rule 5 can be upheld only if it furthers a compelling interest, appellants urge that Rule 5 impinges upon constitutional rights to travel and to access to the courts. For the reason expressed below, we reject this argument and hold that the appropriate test is whether the classification has a rational relationship to a legitimate objective.

Appellants' reliance upon *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) as establishing that access to the courts is a fundamental right which cannot be abridged unless there is a compelling state interest is misplaced. The court in *Boddie* held that due process prohibits a state from denying access to its court to individuals seeking dissolution of their marriages solely because of their inability to pay filing fees. *Boddie* turned upon state monopolization of the means for legally dissolving marriages and the importance of marriage as a fundamental relationship. The court stressed that its decision did not establish an absolute constitutional right of access to the courts. 401 U.S. at 382–83, 91 S.Ct. at 788, 28 L.Ed.2d at 121–122. This view was reaffirmed in *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), in which the Court held that making payment of filing fees a condition to discharge in voluntary bankruptcy does not deny an indigent the equal protection of the laws, and in *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (per curiam), where the Court sustained an appellate filing fee as

---

5. Cf. *Farmer v. Arabian American Oil Co.*, 285 F.2d 720 (2d Cir. 1960) (bond of $6,000 unwarranted where plaintiff had made a strong prima facie case.

6. See *Gainey v. Brotherhood of Ry. & S. S. Clerks*, 34 F.R.D. 8, 12 (E.D.Pa.1963) (local rule requiring nonresident plaintiff to post bond not applicable to case in which one plaintiff was a resident).

7. See *Sargent v. Genesco, Inc.*, 337 F.Supp. 1244, 1248–49 (M.D.Fla.1972).

8. See *Leighton v. Paramount Pictures Corp.*, 340 F.2d 859, 861 (2d Cir. 1965).

9. The federal district court for the District of Puerto Rico, as a federal entity, is not subject to the equal protection clause of the fourteenth amendment. Nevertheless, the fifth amendment forbids discrimination that is "so unjustifiable as to be violative of due process." *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884, 886 (1954).

applied to indigents appealing from adverse welfare decisions.

Neither do we agree that Rule 5 unconstitutionally infringes upon the right of nondomiciliaries to travel interstate. The right to travel interstate has been recognized as fundamental under the Constitution. *See Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974) (one year residency requirement for free nonemergency hospitalization at county facility); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (one year residency requirement for welfare benefits); *Cole v. Housing Authority*, 435 F.2d 807 (1st Cir. 1970). Some impositions on interstate travel have such an indirect on inconsequential impact, however, that they simply do not constitute the type of direct purposeful barriers struck down in *Maricopa County, Shapiro* and *Cole*. *See, e. g., Evansville Airport v. Delta Airlines*, 405 U.S. 707, 92 S.Ct. 1349, 31 L.Ed.2d 620 (1972). As we stated previously, Rule 5 is drawn so as not to preclude a plaintiff's opportunity to bring suit through excessive bond requirements and is further subject to the limitation contained in 28 U.S.C. § 1915(a). We decline to hold, therefore, that the Rule 5 classification operates to penalize the exercise of the right to travel so as to trigger the compelling-state-interest test. *See Dunn v. Blumstein*, 405 U.S. 330, 340, 92 S.Ct. 995, 1002, 31 L.Ed.2d 274, 283 (1972).

The validity of the rule hinges upon whether there is a rational basis for the distinction between domiciliaries and nondomiciliaries. The apparent purpose behind Rule 5, which is based on the reasonable assumption that domiciliaries are more likely than nondomiciliaries to own assets within the district, is to enforce an award of costs against a nondomiciliary who may be in the continental United States at the time of judgment. This seems a perfectly reasonable provision, *cf. Russell v. Cunningham, supra* at 811. Thus we conclude that the classification is not per se invalid.

The sole remaining issue concerns appellants' argument that the disparity in treatment between domiciliaries and nondomiciliaries violates the "privileges and immunities" provision of Article IV, § 2. This provision does not provide a base for an attack on the Rule. Article IV, § 2 is a limitation on powers of states and in no way affects the powers of a federal district court. *See Hague v. C. I. O.*, 307 U.S. 496, 511, 59 S.Ct. 954, 962, 83 L.Ed. 1423, 1434 (1939); *Duehay v. Acacia Mut. Life Ins. Co.*, 70 App.D.C. 245, 105 F.2d 768, 775 (1939).

In summary, we hold that Rule 5 is not per se invalid. In view of the fact that appellants do not attack the Rule as applied, we affirm. It must be made clear, however, as Judge Aldrich observed in *Coady v. Aguadilla Terminal Inc.*, 456 F.2d 677, 679 (1st Cir. 1972), that "to require all foreign plaintiffs, *as such*, to post substantial security as a condition to access to the courts may well be an unconstitutional denial of equal protection." 456 F.2d at 679 (emphasis added). Therefore, we reemphasize that the district court is under an obligation to evaluate each case individually, and to exercise its inherent discretion to apply the requirements of Rule 5 so as to facilitate a just and speedy disposition on the merits, as required by Fed.R.Civ.P. 1.