February 23, 1993 UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2041

IN RE: VILLA MARINA YACHT HARBOR, INC.,
Petitioner.

No. 92-2051

CHASE MANHATTAN BANK, N.A.,

Plaintiff, Appellee,

v.

VILLA MARINA YACHT HARBOR, INC.
a/k/a VILLA MARINA YACHT HARBOUR, INC.,

Defendant, Appellant.

ERRATA SHEET

The opinion of this court issued on February 2, 1993, is

amended as follows:

On page 4, line 4 from the bottom, change August 1 to

August 11.

February 2, 1993

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 92-2041

IN RE: VILLA MARINA YACHT HARBOR, INC.,

Petitioner.

No. 92-2051

CHASE MANHATTAN BANK, N.A.,

Plaintiff, Appellee,

v.

VILLA MARINA YACHT HARBOR, INC.,

a/k/a VILLA MARINA YACHT HARBOUR, INC.,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen C. Cerezo, U.S. District Judge]

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Cyr, Circuit Judge.

Michael J. Rovell, with whom Lisa I. Fair, Robert E. Bull,

Law Offices of Michael J. Rovell, Carlos G. Latimer, and Latimer,

Biaggi, Rachid, Rodriguez, Suris & Godreau were on brief, for

appellant.

Jay A. Garcia-Gregory, with whom Rafael R. Vizcarrondo,

Heriberito J. Burgos-P rez and Fiddler, Gonzalez & Rodriguez were

on brief, for appellee.

February 2, 1993

BOWNES, Senior Circuit Judge. This is an appeal by

defendant-appellant Villa Marina Yacht Harbor, Inc. from the

following order of the district court:

Defendant shall deposit with the
Clerk of Court, within ten (10) days
after notice, the past due mortgage
payment and shall continue making such
deposits as the payments come due for the
duration of the litigation of this case.
The Clerk shall deposit them in an
interest-bearing account.

I. I.

Uncontested Facts Uncontested Facts

A statement of the uncontested facts leading to the

order compels the conclusion that there is no merit to this

appeal. On November 22, 1991, plaintiff-appellee, Chase

Manhattan Bank, N.A., filed a complaint against Villa Marina.

The complaint sought foreclosure of Chase's mortgage on Villa

Marina property and the collection of monies allegedly due it

from Villa Marina. Chase alleged, as one of the grounds for

foreclosure, that Villa Marina failed to timely make the

monthly mortgage payments due on October 1 and November 1,

1991. Chase also requested the appointment of a receiver;

this request was referred to a magistrate-judge.

Villa Marina filed an opposition to the appointment

of a receiver on December 27, 1991. On January 10, 1992, it

filed an answer and counterclaim. In its answer Villa Marina

stated:

-4-

. . . it is admitted that VILLA MARINA
owes CHASE the principal sum and interest
therein pleaded, minus the amounts that
VILLA MARINA claims against CHASE in the
counterclaim and the amounts CHASE is
retaining in its escrow account.

In its answer and counterclaim, Villa Marina alleged bad

faith termination of the mortgage, breach of Chase's duty of

good faith and fair dealing by creating a fictitious default,

and filing the foreclosure action in breach of Chase's own

internal manual, rules, regulations, and practices. Villa

Marina estimated its damages as one million dollars.

On February 10, 1992, Chase moved for judgment on

the pleadings pursuant to Fed. R. Civ. P. 12(c) and for

dismissal of Villa Marina's counterclaim. Villa Marina

objected to these motions. A hearing was held before the

magistrate-judge on March 5, 1992, which encompassed all

pending matters. On March 12, the magistrate-judge issued a

report and recommended to the district court that it grant

Chase's motions for judgment on the pleadings and dismissal

of the counterclaim. On the same day the magistrate-judge

also issued an order appointing a receiver. Villa Marina

promptly filed an emergency petition for writ of mandamus,

petition for a stay of the orders, and a motion to vacate the

appointment of the receiver.

By order dated May 4, 1992, issued on May 5, the

district court vacated the magistrate-judge's appointment of

a receiver because this action "was beyond both the scope of

-5-

our referral and the scope of his statutory powers." The

district court then considered the matter de novo. It held

that "Chase has failed to meet the threshold requirements for

granting the appointment of a receiver as an equitable

remedy." On May 18, 1992, the district judge issued a six-

page order in which she reviewed the report and

recommendations of the magistrate. The district court

declined to follow the magistrate-judge's report and

recommendations. It denied Chase's motions for judgment on

the pleadings and dismissal of the counterclaim.

On July 1, 1992, the district judge, sua sponte,

issued the order which is the basis of this appeal. Prior to

that part of the order directing Villa Marina to make its

monthly mortgage payments into court, the district judge

stated:

A review of our order entered on
May 18, 1992 reveals that the last
paragraph was inadvertently omitted.
Accordingly, the May 18, 1992 order is
amended to add the following: (Defendant
ordered to make monthly mortgage payments
into court).

On July 16, 1992, Villa Marina moved to amend or

alter the district court order of May 18. The motion was

denied on August 6, 1992, and entered on August 11. Villa

Marina appealed the July 1 order of the district court and

the court's denial of its motion to amend or alter the order

of May 18. Recognizing that there might be a question of

-6-

appealability of these orders, Villa Marina also sought

appellate review by filing a petition for writ of mandamus.1

II. II.

Analysis Analysis

The crux of Villa Marina's argument is that the

district court lacked authority to issue the order requiring

the deposit of the mortgage payments with the court. In its

brief, Villa Marina asserts that it "is at a loss to find the

jurisdictional basis for the order" [Appellant's Brief, p.

11], because there is no specific provision in the federal

rules expressly authorizing its issuance and because the

court acted without a motion pending. This contention

ignores the inherent power possessed by a district court,

"not governed by rule or statute, to manage the litigation

before it." Zebrowski v. Hanna, 973 F.2d 1001, 1003-04 (1st

Cir. 1992). "[T]he rules of civil procedure do not

completely describe and limit the power of district courts .

. . ." HMG Property Investors v. Parque Indus. Rio Canas,

847 F.2d 908, 915 (1st Cir. 1988) (quoting Brockton Savings

Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st

Cir. 1985), cert. denied, First United Fund, Ltd. v. Brockton

Savings Bank, 475 U.S. 1018 (1986)). The district courts

1 Chase has suggested in its brief that Villa Marina's
appeal was not timely filed. For purposes of this opinion we
find that it was.

-7-

"retain the inherent power to do what is necessary and proper

to conduct judicial business in a satisfactory manner."

Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1119 (1st Cir.

1989). This inherent power is "rooted in the chancellor's

equity powers[] to process litigation to a just and equitable

conclusion." Id. (citation omitted).

We have repeatedly recognized this inherent power

of the district court as encompassing the power to order

various types of "administrative" actions: to require the

posting of security for costs when warranted by the

circumstances of a case, Aggarwal v. Ponce School of

Medicine, 745 F.2d 723, 726 (1st Cir. 1984), Hawes v. Club

Escuetre El Commandante, 535 F.2d 140, 143 (1st Cir. 1976);

to modify discovery-related protective orders for so long as

such order is in effect, Public Citizen v. Liggett Group,

Inc., 858 F.2d 775, 782 (1st Cir. 1988), cert. denied, 488

U.S. 1030 (citing various other jurisdictions as support for

same proposition); to reconsider its orders, Burns v. Watler,

931 F.2d 140, 145 (1st Cir. 1991); to stay pending litigation

when efficacious management of docket reasonably requires,

Marquis v. F.D.I.C., 965 F.2d 1148, 1154-55 (1st Cir. 1992);

to permit jury view of places or objects outside the

courtroom, United States v. Passos-Paternina, 918 F.2d 979,

986 (1st Cir. 1990), cert. denied, 111 S. Ct. 1637, 111 S.

Ct. 2808, 111 S. Ct. 2809 (1991); to fashion appropriate

-8-

sanctions for abuses of the judicial process, including

dismissal, Zebrowski v. Hanna, 973 F.2d at 1003-04, R.W.

International Corp. v. Welch Foods Inc., 937 F.2d 11, 19-20

(1st Cir. 1991).

In deciding the propriety of the order at issue

here, we accept the district court's statement that the pay-

into-court order of July 1 was inadvertently omitted from its

order of May 18. The May 18 order makes it unmistakably

clear that the issues in controversy between the parties,

including those raised in Villa Marina's counterclaim, will

be tried on the merits. In light of Villa Marina's explicit

admission in its answer that "it owes Chase the principal sum

and interest therein pleaded," an order directing it to

deposit the monthly mortgage payments into an interest-

bearing court account as they become due would not be

unusual; in fact, it would be routine. We hold that the July

1 amendment was wholly within the inherent administrative

powers of the district court and did not constitute an abuse

of discretion.

Even if, for purposes of this case, we view the

order as a preliminary injunction,2 as Villa Marina urges,

2 We need not consider whether the district court's order is,
indeed, an appealable injunction, and we express no opinion
on that matter. Because the case is straightforward, and the
party in whose favor the jurisdictional issue would operate
is entitled to prevail on the merits, we elect to forgo
unnecessary work and to bypass the question of appellate
jurisdiction. See, e.g., Secretary of the Navy v. Avrech,

-9-

there is no basis for overturning it. Indeed, we are at a

loss to understand why Villa Marina opposes the order.

Contrary to Villa Marina's assertion, it is not a "windfall"

to Chase. The payments do not go to Chase; they go into an

interest-bearing court account. Until the case is decided on

the merits, neither Chase nor Villa Marina can use the money.

And, if there had been no attempted foreclosure by Chase,

wrongful or justified, Villa Marina would be making the

monthly mortgage payments to Chase. Indeed, Villa Marina, in

its motion to amend or alter the appealed order, stated

explicitly:

Villa Marina nevertheless is willing to
post the funds directly to Chase if Chase
reinstates the mortgage and Villa Marina
is allowed to pursue its counterclaims.
(footnotes not now pertinent)

As the case now stands, the mortgage continues in effect

pending a hearing on the merits including the counterclaim.

Villa Marina has received all it requested. The order is a

paradigm case of preserving the status quo with no harm to

either party pending a hearing on the merits.

Because Villa Marina has advanced no plausible

reason for this appeal, we find it frivolous and award costs

and attorney fees for this appeal to appellee Chase. Chase

418 U.S. 676, 677-78 (1974) (per curiam); In re D.C. Sullivan
Co., 843 F.2d 596, 598 (1st Cir. 1988).

-10-

shall file its fee petition within the time fixed under, and

in the form contemplated by, 1st Cir. Loc. R. 39.2.

So ordered. So ordered.

-11-