25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Walter HODGE, Plaintiff, Appellant,
v.
AMERICAN HOME ASSURANCE COMPANY, ET AL., Defendants, Appellees.
 No. 93-2091
 United States Court of Appeals,
First Circuit.
 May 27, 1994.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Carlos R. Noriega for appellant.
 John E. Mudd with whom Dario Rivera-Carrasquillo and Cordero, Miranda & Pinto were on brief for appellees.
 D. Puerto Rico
 AFFIRMED.
 Before Cyr, Boudin, and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Walter Hodge appeals the district court's grant of defendant-appellees', American Home Assurance Co. and Underwriter Adjustment Co., motion to dismiss with prejudice. We affirm.
 
 I.
 BACKGROUND
 
 2
 Plaintiff filed a complaint on October 3, 1989, alleging that defendants had failed to reimburse him for damages to his insured property resulting from a series of earthquakes on the island of St. Martin. Defendants argued that the damages were the result of faulty construction and therefore exempt from coverage.
 
 
 3
 On the eve of the trial and almost four years after the date of filing of the complaint, defendants filed a motion in limine, seeking to disqualify plaintiff's liability expert for lack of qualifications. The motion was granted and thereafter, plaintiff's counsel sought to withdraw as counsel, claiming irreconcilable differences with his client. This motion was denied and the trial began as scheduled.
 
 
 4
 During opening arguments, in clear disregard of Fed. R. Evid. 408, plaintiff's counsel referred to an offer of settlement apparently made by defendants. After sustaining defendants' objection and warning plaintiff's counsel not to refer to settlement negotiations, the court instructed the jury to disregard counsel's remark. Notwithstanding the court's admonition, plaintiff's counsel resumed his opening by telling the jury that the defendants were unwilling to settle. Defendants objected and immediately moved for a mistrial. After discussion with both parties, the court declared a mistrial and informed plaintiff's counsel that "Upon request of counsel I will impose what I consider a non resident bond, to defray some costs in this case." Plaintiff's counsel did not object.
 
 
 5
 On May 10, 1993, the court issued a written order setting forth its reasons for declaring a mistrial. In the same order, the court also granted defendants' D.P.R.L.R. 304[1] motion requesting plaintiff post a $3000 non-resident bond "to secure the costs, expenses and attorneys' fees which may be awarded." Plaintiff neither objected to nor complied with this order. Subsequently, defendants filed a verified, detailed bill of costs in the amount of $73,079.99 for expenses incurred in preparation for the defense, together with a motion requesting the non-resident bond be increased to $50,000. The court granted defendants' motion. Again, plaintiff neither objected to nor complied with this court order.
 
 
 6
 After plaintiff had ignored the court's bond order for sixty days, the time prescribed by D.P.R.L.R. 304, defendants moved to dismiss the action pursuant to Fed. R. Civ. P. 41(b)[2] and D.P.R.L.R. 304.
 
 
 7
 On August 25, 1993, the court, in a lengthy written order, dismissed the case with prejudice pursuant to Fed. R. Civ. P. 41(b) citing, inter alia, plaintiff's extreme misconduct in failing to obey court orders and warnings. The following day, plaintiff's counsel, who had not yet received a copy of the August 25, 1993 order, requested, inter alia, an additional thirty days to post bond. On September 20, 1993, the court issued a separate order restating that the case was dismissed with prejudice as of August 25, 1993. Finally, on September 22, 1993, the court formally denied plaintiff's request for additional time. It is from the court's judgment of dismissal with prejudice that plaintiff now appeals.
 
 II.
 DISCUSSION
 
 8
 Plaintiff avers that the court abused its discretion because it never gave consideration to the problems that had ensued between plaintiff and counsel and because the court never considered plaintiff's inability to pay the required bond. The basis of plaintiff's argument is that the court should have inferred from his motion filed August 26, 1993, the day after the court dismissed the action with prejudice, that plaintiff was seeking a new attorney and that he did not have the finances to pay the bond. We are not persuaded by either argument.
 
 
 9
 The parameters of Fed. R. Civ. P. 41(b) dismissals are very clear:
 
 
 10
 Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case "[f]or failure of the plaintiff to prosecute or comply with ... any order of court.' Dismissal with prejudice is a 'harsh sanction,' Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971), which 'should be employed only when a plaintiff's misconduct has been extreme,' Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990), and 'only after the district court has determined 'that none of the lesser sanctions available to it would truly be appropriate,' " Enlace Mercantil Int'l, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988). A finding of extreme misconduct is justified if there is extremely protracted inaction, disobedience of court orders, ignorance of warnings, contumacious conduct, Cosme Nieves v. Deshler, 826 F.2d 1,2 (1st Cir. 1987), or "some other aggravating circumstance such as 'prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time.' " Figueroa Ruiz, 896 F.2d at 648 (quoting Enlace Mercantil, 848 F.2d at 317).
 
 
 11
 Estate of Solis- Rivera v. United States, 993 F.2d 1, 2 (1st Cir. 1993). We review a court's Fed. R. Civ. P. 41(b) dismissal for abuse of discretion. Pinero Capo v. United States, 7 F.3d 283, 284 (1st Cir. 1993).
 
 
 12
 We begin by noting that plaintiff has waived any complaint he may have with the amount of the non-resident bond imposed by the court below. A review of the record reveals that each of the bond orders was issued without prejudice to either party to request an increase or reduction. Nonetheless, plaintiff neither objected to the imposition of the bonds nor argued to the court that there existed circumstances which demanded a reduction in the amount. Rather, plaintiff silently ignored the bond orders thereby waiving his right to challenge them on appeal.[3] See McCoy v. Massachusetts Institute of Technology, 950 F.3d 13, 22 (1st Cir. 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal.").
 
 
 13
 Moreover, we are not concerned with the personality conflicts that may have existed between plaintiff and counsel. Although unfortunate for the two men, we do not understand how the fact that there may have been friction could possibly have prevented the plaintiff from posting the required bond.
 
 
 14
 Finally, in light of plaintiff's repeated inability to comply with court warnings and court orders, i.e., plaintiff's failure to comply with the court's order addressed to the expert witness requesting documents regarding his qualifications as an expert, plaintiff's counsel's repeated in- court references to settlement negotiations in flagrant disregard of the court's warning, and plaintiff's refusal to comply with the court's two bond orders, together with what the court perceived as a weakness in plaintiff's case due to the lack of expert testimony to support his claims, we do not find that the court's action in dismissing the case with prejudice was an abuse of discretion.
 
 III.
 CONCLUSION
 
 15
 For the foregoing reasons, the order of the district court is
 
 
 16
 Affirmed. Costs to Appellees.
 
 
 
 [1]
 D.P.R.L.R. 304 states, in relevant part, that:
 When the plaintiff is domiciled outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses and attorneys' fees which may be awarded. All proceedings in the action may be stayed until bond is posted, which shall not be less than $250.00. The Court may require an additional bond upon a showing that the original bond is not sufficient security, and may stay the proceedings in the action until such additional bond is given.
 After the lapse of sixty (60) days from the service of the order requiring bond or additional bond, without bond having been posted, the Court may dismiss the action.
 This rule shall be liberally interpreted in favor of the plaintiff so as not to preclude his or her right to sue through excessive bond requirement. Consistent with this, the Court, for good cause shown, may dispense with this requirement. (emphasis supplied).
 
 
 [2]
 Fed. R. Civ. P. 41(b) states:
 (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specified, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 
 
 [3]
 Even had we not found waiver, we see no error in the court's orders. As previously held, when reviewing Local Rule 5, D.P.R.C.R. 304's predecessor, the court "should consider, upon proper motion, reducing the ... minimum bond requirement, or dispensing with it altogether...." Hawes v. Club Ecuestre El Comandante, 535 F.2d 140, 144 (1st Cir. 1976)(emphasis supplied). Only then should the court consider "ownership by a nondomiciliary plaintiff of attachable property in the district, the likelihood of success on the merits, the presence of a co-plaintiff who is domiciled in the district, the probable length and complexity of the litigation, the conduct of the litigants, and the purposes of the litigation." Id. (footnotes omitted)