# PENN *v.* CALHOUN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF ILLINOIS.

Submitted March 30, 1887. — Decided April 11, 1887.

In a suit for foreclosing a railroad mortgage, the court being satisfied that
money loaned the railroad company by a bank, an intervening creditor, at
a time when the company was much embarrassed, and shortly before the
commencement of the suit, went into the general funds of the company,
and not especially to the payment of mortgage interest, and that there
was no fraud or deception on the part of the trustees, and no misuse of
current income by the receiver of the road to the injury of the bank;
*Held,* that the bank had only the rights of a general creditor in the distri-
bution of the proceeds from the sale of the mortgaged property.

THIS was an appeal from a decree dismissing the petition of
an intervening creditor in a foreclosure suit. The case is
stated in the opinion of the court.

*Mr. Charles Wait Thomas* for appellant.

No appearance for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

This is an appeal from an order dismissing a petition of
intervention filed in a suit for the foreclosure of mortgages
of the Southeastern Railway Company, asking payment from
the proceeds of the sale of the mortgaged property of a debt
of $40,000 and interest, due from the company to the People's
Bank of Belleville for money lent. The case as presented
here places the right of recovery entirely on the following
grounds : 1. That the money was lent with the knowledge
and consent of the mortgage trustees to pay mortgage in-
terest, and that it was actually used for that purpose, the
earnings at the time being insufficient to meet both interest
and expenses ; 2. That the company was wholly insolvent
when the loan was made, which was unknown to the bank,

but known to the trustees, and for this reason the money ought to be restored to the bank from the proceeds of the sale of the mortgaged property; and 3, That the net earnings for the year during which the loan was made were used to pay interest on the mortgage debt and to make permanent and lasting improvements on the mortgaged property, instead of paying current debts.

The evidence shows that when the bank took the note which is the basis of the present claim, $80,000 of the bonds of the consolidated mortgage, under which, with an earlier mortgage, the decree of foreclosure was had, were pledged by the company as security, and it fails entirely to satisfy us that any part of the money lent was used directly in the payment of mortgage interest. There is no doubt that the company was heavily in debt when the loan was made, and that it was struggling to maintain its credit, so as to float its consolidated bonds which were then on the market for sale. The money lent was put into the general fund in the treasury of the company and used like the rest to pay debts which were pressing. We are entirely satisfied that the bank expected to be paid out of the proceeds of the sales of the bonds, and not from the earnings. The current earnings were used, as it was supposed they would be, to make permanent and lasting improvements, buy additional rolling-stock, and keep down the interest on the early mortgages, so as to bolster up the credit of the company and make its consolidated bonds marketable. For its ultimate security the bank relied on the indorsers of the note and the bonds, which were specially pledged for that purpose. There is not a particle of evidence to show any fraud or deception on the part of the trustees, and neither the current income of the receivership nor that of the company has been employed in a way to deprive the bank of any of its equitable rights. The bank is, therefore, not entitled to payment out of the proceeds of the sale of the mortgaged property in preference to the bondholders. It occupies the position of a general creditor only. *Fosdick* v. *Schall*, 99 U. S. 255.

*The decree of the Circuit Court dismissing the petition of intervention is affirmed.*